IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL SESSION, 1995

FILED

September 19, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9501-CR-00024 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | HAMBLEN COUNTY |
| VS. | ) | |
| | ) | HON. JAMES EDWARD BECKNER |
| DEWAYNE SMITH, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (DUI, Reckless Endangerment) |


ON APPEAL AS OF RIGHT FROM THE JUDGMENT OF THE
CRIMINAL COURT OF HAMBLEN COUNTY


FOR THE APPELLANT:

GREG W. EICHELMAN
Office of the Public Defender
Third Judicial District
1609 College Park Drive, Box 11
Morristown, TN 37813-1618

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

CYRIL V. FRASER
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

C. BERKELEY BELL
District Attorney General

JOHN DUGGER
Assistant District Attorney General
County Office Complex
113 W. Church Street
Greeneville, TN 37743


OPINION FILED _____

AFFIRMED IN PART; REVERSED IN PART

DAVID H. WELLES, JUDGE

# OPINION

The Defendant appeals as of right following a judgment entered on a jury verdict finding him guilty of DUI, evading arrest, reckless endangerment, contributing to the delinquency of a minor, and driving on a suspended license. He was sentenced to concurrent sentences of eleven months and twenty-nine days for each conviction except for driving on a suspended license, for which he was sentenced to a concurrent sentence of six months. The Defendant argues two issues on appeal: (1) That the evidence introduced at trial was insufficient to convict him of each of the five crimes; and (2) that the sentences imposed were erroneous. We reverse the conviction of contributing to the delinquency of a minor. In all other respects, the judgment of the trial court is affirmed.[1]

On April 6, 1994, Officer Mark McElhaney was waiting on a traffic light at an intersection when he saw a rose-colored Camaro going down the hill at an extremely high rate of speed. The driver apparently tried to slow down as he saw the officer at the intersection, but the car started to spin sideways and then continued on at a high rate of speed. As the car went by, the officer identified the passenger as James Carter. The officer then turned on his blue lights and began to pursue the car. Before he lost visual contact with the car, he saw it go around a truck waiting at a light and then make a right turn in front of the truck.

A few minutes later, the car pulled into a Texaco Food Mart at a high rate of speed. Theda Christian, an employee at the Texaco, saw three males, later identified as the Defendant, Carter, and Glenn Townsend, get out of the car and start running in different directions. She later identified the Defendant as the driver of the car. After

---

[1] We note from the record that the Defendant is currently incarcerated in the penitentiary on other unrelated charges.

going into the store briefly and telling the employee not to call the police, the Defendant, along with Carter and Townsend, got back into the car and drove to a building a short distance away.

Another officer arrived shortly thereafter and saw the car parked very closely to the building. He saw the three suspects walking a short distance away and stopped them. All three appeared to have been drinking. The Defendant was carrying a police scanner. Each denied being the driver of the car. After being identified as the driver, the Defendant was given a breathalyzer test in which he registered .11 percent.

The first issue to be addressed is the sufficiency of the evidence to support the conviction. When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence presented during the trial was sufficient "to support the finding of the trier of fact of guilt beyond a reasonable doubt." T.R.A.P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). This court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Herrod, 754 S.W.2d 627, 632 (Tenn. Crim. App. 1988).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). In State v. Grace, 493 S.W.2d 474 (Tenn. 1973), the Tennessee Supreme Court said, "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." Id. at 476.

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, id., the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record and the inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. Matthews, 805 S.W.2d at 780.

Each count will be analyzed separately below.

The first contention by the Defendant is that the State failed to prove that he was the driver of the car. Despite testimony by Carter that he was the driver of the car, the first officer identified Carter as a passenger in the car as it sped by him at the intersection. Thus, either Townsend or the Defendant was driving at the time, after eluding the first officer and pulling into the Texaco station shortly thereafter. As the three got out of the car, the Texaco employee identified the Defendant as the driver. This evidence was sufficient to sustain a finding by the jury that the Defendant was the driver of the car from the time that Officer McElhaney witnessed the car speeding until it stopped at the Texaco station.

-4-

The Defendant also argues that because the actual written printout of the breathalyzer test given to the Defendant was lost, there was insufficient evidence to prove that he was intoxicated. However, the reading of the printout appeared in the arrest warrant, which was submitted into evidence. Officer McElhaney, who administered the test, testified that the test reading was .11 and that the Defendant had slurred speech, smelled strongly of alcohol, and had red eyes.

Also, the Defendant argues that under United States v. Agurs, 427 U.S. 97 (1976), the State's failure to provide the actual printout of the test is a suppression of evidence in violation of the Defendant's right to due process. However, there is no proof that the State has suppressed the printout. Apparently, the officer lost it. We conclude there was sufficient evidence to support the Defendant's conviction of DUI beyond a reasonable doubt.

Under Tennessee Code Annotated section 39-16-603(a)(1), it is unlawful for a person to intentionally flee from a police officer if the person knows the officer is attempting to arrest the person. The first officer testified that as the car driven by the Defendant neared the intersection where he was waiting, the car started to stop or slow down but, because it was going too fast, it started to skid and turn sideways. It then continued on at a high rate of speed. From this, a jury could conclude that the Defendant saw the officer and attempted to slow down, but then attempted to elude the officer when he realized his attempt to stop would be futile.

After turning on his lights and starting to pursue the car, McElhaney saw the car go around a truck waiting at the next intersection and then make a right turn in front of it. The jury could reasonably have concluded from this fact that the Defendant knew he was being chased and was attempting to elude McElhaney. When the car arrived at the Texaco, the Defendant hurried in and told the store clerk not to call the police.

Also, when the three suspects were found walking toward some railroad tracks after having parked the car near the back side of a building, Carter was found carrying a police scanner. Regardless of who was carrying the scanner while the three were in the car, the jury could have inferred that the Defendant was listening to the scanner while driving the car and knew he was being chased. We conclude there was sufficient evidence to support the Defendant's conviction of evading arrest beyond a reasonable doubt.

Tennessee Code Annotated section 39-13-103(a) makes it a crime to recklessly engage in conduct which may place another person in imminent danger of death or serious bodily injury. The Defendant was driving at a high rate of speed when nearing the intersection where the first officer was waiting and nearly lost control of the vehicle as he tried to stop. He then continued on at a high rate of speed, and soon neared another intersection where a truck was waiting at a stop-light. The Defendant pulled around the truck and made a right turn in front of it. The policeman testified that at this point he feared a bad accident was going to happen. When the Defendant pulled into the Texaco, the store clerk heard "a noise like someone was driving really fast," and then she saw the Defendant's car "come flying in" to one of the pumps. In view of the evidence showing the Defendant's driving recklessly and at a high rate of speed, we conclude there was sufficient evidence to convict the Defendant of reckless endangerment beyond a reasonable doubt.

The Defendant was also convicted of contributing to the delinquency of a minor. Specifically, the Defendant was charged with providing alcohol to Glenn Townsend, a minor, in violation of Tennessee Code Annotated section 37-1-156(a). Despite the fact there was proof that Townsend had been drinking before the incident, there is no evidence in the record to show that the Defendant had anything to do with Townsend acquiring alcoholic beverages. The only relevant testimony came from Townsend, who

stated that the Defendant was <u>not</u> the one who had given him the alcohol. We conclude there was insufficient evidence to convict the Defendant of contributing to the delinquency of a minor beyond a reasonable doubt. This conviction is reversed and the charge is dismissed.

Because we have concluded that there was sufficient evidence for the jury to find that the Defendant was the driver of the car, the proof that he had a suspended license at the time of the incident is sufficient to convict him of the offense of driving on a suspended license.

The Defendant next argues that he was erroneously sentenced. When there is a challenge to the length, range or manner of service of a sentence, it is the duty of this court to conduct a <u>de novo</u> review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the appellant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103 and -210; <u>State v. Smith</u>, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory but the court is required to provide the Defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. Tenn. Code Ann. § 40-35-302(a). The sentence must be specific and consistent with the purposes and principles of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-302(b). The trial court retains the authority to place the Defendant on probation either immediately or after a period of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1994).

Following his conviction, the Defendant was sentenced to eleven months, twenty-nine days, at 75 percent R.E.D., for DUI, reckless endangerment, evading arrest, and contributing to the delinquency of a minor, and to six months at 75 percent R.E.D. for driving on a suspended license. All sentences were ordered to be served concurrently. The sentences of eleven months and twenty-nine days are the maximum sentences for these misdemeanors.

First, the Defendant contends that the trial court improperly enhanced the sentence for the reckless endangerment conviction by including enhancement factor (16) under Tennessee Code Annotated section 40-35-114, which allows for elevating a sentence for a crime where the crime was committed under circumstances where the potential for bodily injury to another person was great.

The Defendant correctly argues that a sentence may not be enhanced by a factor which was necessary for the commission of the crime. State v. Thomas, 755

-8-

S.W.2d 838 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1988). Thus, enhancement factor (16) cannot be applied to a reckless endangerment sentence because it is one of the elements necessary for the commission of the crime. However, the judge did not apply enhancement factor (16) to the reckless endangerment count: "the reckless circumstances of the offense are so great that it does activate enhancement factor 16 for consideration as to some of the offenses, such as the driving offenses, other than the reckless endangerment." The Court did not apply factor (16) to the reckless endangerment count and no error was committed.

The Defendant also argues generally that the maximum sentences given were inappropriate in this case. In determining the sentence for each count, the court applied enhancement factor (16) to the DUI and evading arrest counts. Factor (1), previous history of criminal convictions, and factor (8), failure to comply with conditions of release on parole, were considered as enhancement factors for the sentences for all crimes. Tenn. Code Ann. § 40-35-114. The application of factor (1) was appropriate because the Defendant has a long history of criminal convictions, including criminal trespass, contributing to the delinquency of a minor, larceny, two convictions for grand larceny, two convictions for breaking and entering, escape from custody while serving time for a felony, public intoxication, leaving the scene of an accident, failure to report an accident, and driving without a license. Also, enhancement factor (8) was appropriate because the Defendant was on parole at the time of this incident.

With the application of these two enhancement factors, especially the Defendant's extensive criminal record, and no mitigating factors, we are unable to conclude that the trial court erred or abused its discretion in sentencing the Defendant.

The Defendant's conviction of contributing to the delinquency of a minor is reversed and that charge is dismissed. In all other respects, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
JOHN A. TURNBULL, SPECIAL JUDGE