IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1997 SESSION



FILED

July 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9608-CR-00318 |
| | ) | |
| | ) | Hawkins County |
| v. | ) | |
| | ) | Honorable James E. Beckner, Judge |
| | ) | |
| TIMMY LYNN CASTLE, | ) | (Sentencing) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Greg W. Eichelman
District Public Defender
    and
R. Russell Mattocks
Assistant Public Defender
1609 College Park Drive, Box 11
Morristown, TN 37813-1618

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
    and
Georgia Blythe Felner
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

C. Berkeley Bell, Jr.
District Attorney General
113J W. Church Street
Greeneville, TN 37743
    and
Douglas Godbee
Assistant District Attorney General
Hawkins County Courthouse
Rogersville, TN 37857

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

The defendant, Timmy Lynn Castle, was convicted by a jury in the Hawkins County Criminal Court for driving without a valid driver's license, a Class B misdemeanor. The trial court sentenced the defendant to six months in the county jail to serve seventy-five percent before being eligible for release. The trial court also imposed a fine of five hundred dollars. In this appeal as of right, the defendant contends that the trial court improperly considered enhancement and mitigating factors in sentencing him to the maximum sentence. We disagree and affirm the trial court's judgment of conviction.

The proof at trial showed that the defendant was stopped by Officer Chris Jones of the Mount Carmel Police Department on November 3, 1995, for speeding. The defendant was driving sixty-one miles per hour in a forty-five-miles-per-hour speed zone. The defendant did not have a driver's license in his possession. Officer Jones' check of the defendant's driving history revealed that the defendant did not have a valid driver's license. The defendant admitted at trial that he understood that it was against the law to drive without a driver's license but that he never took the test to obtain a license and drove anyway.

The specific data report reflects that the defendant has six prior convictions for offenses including driving on a revoked or suspended license and driving without a valid driver's licence. The defendant's prior criminal history also includes convictions for public intoxication, possession of marijuana, driving under the influence, leaving the scene of an accident, several traffic violations, and seven counts of burglary. The defendant also has convictions as a juvenile for criminal trespass. The report also shows that, while on probation, the defendant committed the offenses of speeding and driving on a suspended license in April 1992 and the offenses of failing to yield and driving on a revoked license in November 1994. Also, the defendant was charged and convicted of driving on a

2

revoked license while on bond for the present case. The report further states that the defendant has a history of alcohol abuse.

In sentencing the defendant to the maximum sentence of six months in the county jail with a seventy-five percent release eligibility, the trial court considered three enhancement factors and determined that each should be given great weight:

> (1) the defendant has a previous history of criminal convictions or criminal behavior;
>
> (2) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and
>
> (3) the crime was committed under circumstances under which the potential for bodily injury to a victim was great.

See T.C.A. § 40-35-114(1), (8) and (16). In applying factor (16), the trial court stated:

> Certainly you can drive without a valid license, without speeding; but when you add speeding to it, it certainly creates a danger to people on the highway. And speeding is probably one of the greatest cause[s] of death and injury that we have in this country . . . .

The trial court found that no mitigating factors applied. In its decision, the trial court stated that it considered the sentencing purposes and principles under the act and found the defendant's lack of potential for rehabilitation to be a significant factor in its decision to deny alternative sentencing and to impose the maximum sentence. The court stated that it denied probation because of the defendant's prior criminal record, his inability to abide by conditions of release, and his commission of offenses while on bond for the present offense. It also noted that the defendant had been given many opportunities to change but had continued to violate the law.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d) and -402(d). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This

3

means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. §§ 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1995).

Also, in conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf and (7) the potential for rehabilitation or treatment.  T.C.A. §§ 40-35-102, -103 and -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229 (Tenn. 1986).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the trial court is required to allow the parties a reasonable opportunity to be heard on the question of length of the sentence and the manner in which it is to be

served.  T.C.A. § 40-35-302(a); State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). The sentence must be specific and consistent with the purposes and principles of the Criminal Sentencing Reform Act of 1989.  T.C.A. § 40-35-302(b); Palmer, 902 S.W.2d at 393.  A percentage of not greater than seventy-five percent of the sentence should be fixed for service, after which the defendant becomes eligible for "work release, furlough, trusty status and related rehabilitative programs."  T.C.A. § 40-35-302(b).

The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence, State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994), although the sentence imposed should be the least severe measure necessary to achieve the sentencing purpose.  See T.C.A. § 40-35-103(4).  However, in determining the percentage of the sentence to be served in actual confinement, the court must consider enhancement and mitigating factors as well as the purposes and principles of the Criminal Sentencing Reform Act of 1989.  T.C.A. § 40-35-302(d); Palmer, 902 S.W.2d at 393.  The court should not impose such percentages arbitrarily.  T.C.A. § 40-35-302(d).

On appeal, the defendant asserts that the trial court erroneously applied enhancement factors in its sentencing decision.  Although he admits that factor (1) applies to some degree, he contends that the extent of the convictions and the nature of the offenses do not warrant the weight given to the factor by the trial court.  However, the weight to be afforded an existing factor is left to the trial court's discretion as long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record.  T.C.A. § 40-35-210, Sentencing Commission Comments;  Ashby, 823 S.W.2d at 169; Moss, 727 S.W.2d at 237.  The proof shows that the defendant has at least six convictions relating to his driving without a license. He also has several other convictions for driving-related offenses as well as felony convictions for seven counts of burglary.  The trial court's application of the factor and

its decision to give it great weight are overwhelmingly supported by the record in this case.

The defendant also claims that the trial court erred by considering factor (8), a previous history of unwillingness to comply with conditions of a sentence involving release into the community. We disagree. The evidence shows that the defendant committed at least four driving-related offenses while on probation. Moreover, a thirty-day sentence imposed in 1991 was suspended upon condition that he apply for a driver's license. However, the defendant testified at the trial that he had never taken the test for his driver's license. Under these circumstances, we hold that factor (8) applied and that the trial court was entitled to give it substantial weight.

Next, the defendant contends that the record does not support the application of factor (16), the commission of the crime under circumstances under which the potential for bodily injury to a victim is great. We are inclined to agree under the circumstances in this case. Officer Jones testified that he observed the defendant driving sixteen miles over a forty-five mile speed limit. However, he admitted that he did not observe any other problem with the defendant's driving. Also, there was no evidence that there were any other cars on the road at the time of the offense. We do not believe that speeding, alone, warrants the factor's application in the context of this case. Other than through mere speculation, there are insufficient facts to demonstrate that a great potential for bodily injury to a "victim" resulted from the defendant's driving without a license. Therefore, the trial court should not have considered factor (16) in its sentencing decision.

The defendant also claims that the trial court should have considered his cooperation and admission of guilt as an applicable mitigating factor. See T.C.A. § 40-35-113(13). As the state correctly points out, though, the defendant pled not guilty to

6

the crime and demanded a jury trial.  In any event, the fact that he admitted in his testimony that he drove without a license is insignificant in the context of his testimony that he never applied for, or had, a driver's license.

Despite the trial court's inappropriate use of factor (16), the other applicable enhancement factors justify the sentence imposed by the trial court under the circumstances presented in this case.  In fact, the record indicates that the defendant's low potential for rehabilitation borders on incorrigibility.  For these reasons, we hold that the defendant has failed to establish that the sentence imposed by the trial court was improper.

In consideration of the foregoing and the record as a whole, the judgment of conviction of the trial court is affirmed.

_____
_____Joseph M. Tipton, Judge

CONCUR:

_____
Joe B. Jones, Presiding Judge

_____
Curwood Witt, Judge