IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1998 SESSION



FILED

May 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9705-CR-00198 |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Honorable Carolyn Wade Blackett, Judge |
| RICKEY HAILEY, | * | (Vandalism; Attempted Burglary; Theft) |
| Appellant. | * | |

For Appellant:

William D. Massey and
R. Price Harris
3074 East Street
Memphis, TN 38128

For Appellee:

John Knox Walkup
Attorney General & Reporter

Janis L. Turner
Assistant Attorney General
Criminal Justice Division
Cordell Hull Bldg., Second Floor
425 Fifth Avenue, North
Nashville, TN 37243-0493

James Challen
Assistant Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED AS MODIFIED

GARY R. WADE, JUDGE

## OPINION

The defendant, Rickey Hailey, pled guilty to vandalism under $500, attempted burglary of a vehicle, and theft under $500. The trial court imposed concurrent sentences of eleven months, twenty-nine days for each offense, to be served in the workhouse. The judgment forms do not indicate the percentage of service required before the defendant is eligible for work release or other rehabilitative programs. See Tenn. Code Ann. § 40-35-302(d).

In this appeal of right, the defendant contends that the trial court erred by denying probation. The judgment of the trial court is affirmed, but modified to reflect eligibility for release after ninety days.

On July 25, 1995, the former girlfriend of the defendant was "beaten like a dog" by Phillip Johnson. The defendant retaliated by attempting to enter and then by vandalizing a truck at Johnson's residence with a baseball bat. He stole rifles, shotguns, crossbows, and car stereo equipment from the truck, which the defendant later learned belonged to Phillip Johnson's father, Larry Johnson.

The next day, he turned himself in to authorities and cooperated in locating the property of the victim. The defendant, who was nineteen when he committed the crimes, acknowledged his actions were "stupid." He testified that he would be willing to make restitution to the victim, although he admitted he had not yet done so. After the incident, the defendant completed high school. At the time of the sentencing hearing, he was employed and training to be a journeyman plumber.

The defendant testified that his parents were in the process of divorce at the time of the crimes. He attempted to qualify for anger management classes

2

but learned his insurance coverage had expired.

The defendant acknowledged that while he was on bail for these crimes, he stole "a few fishing lures" from Wal-Mart and was later convicted of theft under five-hundred dollars.

The trial court denied probation because the defendant had taken the law into his own hands, had not made restitution, and had a prior criminal history. The trial judge ruled that in ninety days, the defendant could petition for release with the remainder of the sentence to be served on probation. Defense counsel's request for a ruling "one way or another" on the jail term to be served before the grant of probation was denied.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's

3

potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

Alternative sentencing issues must be determined by the facts and circumstances of the individual case. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). "[E]ach case must be bottomed upon its own facts." State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. Tenn. Code Ann. § 40-35-302(a). Misdemeanor sentences must be specific and in accordance with the principles, purposes, and goals of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. §§ 40-35-104, -117, and -302; State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). The misdemeanor offender must be sentenced to an authorized determinant sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. Generally, a percentage of not greater than 75% of the sentence should be fixed for a misdemeanor offender; however, a DUI offender may be required to serve the full 100% of his sentence. Palmer, 902

4

S.W.2d at 393-94. In determining the percentage of the sentence, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Id.

Upon service of that percentage, the administrative agency governing the rehabilitative programs determines which among the lawful programs available is appropriate. The trial court retains the authority to place the defendant on probation either immediately or after a term of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). The legislature has encouraged courts to consider public or private agencies for probation supervision prior to directing supervision by the Department of Correction. Tenn. Code Ann. § 40-35-302(f). The governing statute is designed to provide the trial court with continuing jurisdiction in misdemeanor cases and a wide latitude of flexibility. The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829 (Tenn. Crim. App. 1994).

In our view, the trial court properly required a period of incarceration. That the defendant committed a theft while on bail for these offenses suggests measures less restrictive than confinement have unsuccessfully been applied to the defendant. See Tenn. Code Ann. § 40-35-103(1)(C). Under these circumstances, we cannot conclude the trial court erred by ordering a period of confinement.

The Act requires courts to "fix a percentage of the sentence which the defendant shall serve" before being eligible for probation. Tenn. Code Ann. § 40-35-302(d). Only DUI sentences may be classified at one-hundred percent. Other offenders may be required to serve up to seventy-five percent before becoming eligible for release programs. See Palmer, 902 S.W.2d at 393-94; Tenn. Code Ann.

5

§ 40-35-302(d).  Here, the trial court failed to indicate on the judgment form the percentage of service.  Generally, "[i]f no percentage is expressed in the judgment, the percentage shall be considered zero percent (0%)."  Tenn. Code Ann. § 40-35-302(d).  In this case, however, the trial court clearly did not intend service of zero percent.

The defendant's social history and present condition weigh in favor of a shorter term of incarceration.  After commission of these offenses, the defendant completed high school and was taking positive steps toward qualifying as a master plumber.  There was, however, significant damage to the victim's vehicle.  The defendant committed a theft while awaiting his trial on these charges.  A sentence of eleven months and twenty-nine days is appropriate.  The defendant will be eligible for release upon service of ninety days.

The judgment of the trial court is affirmed as so modified.

_____
Gary R. Wade, Judge

CONCUR:


(NOT PARTICIPATING)_____
Joe B. Jones, Judge


_____
Jerry L. Smith, Judge

6