Thomas Eugene GARVEY,
Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Feb. 27, 1975.

Marvin P. Morton, Jr., Paris, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., William B. Hubbard, Asst. Atty. Gen., Nashville, W. R. Kinton, Jr., Dist. Atty. Gen., Trenton, for defendant in error.

WALKER, Presiding Judge.

## OPINION

In the general sessions court of Henry County, the defendant below, Thomas Eugene Garvey, was found guilty of disorderly conduct and disturbing the peace and sentenced to pay a fine of $20 and to serve 30 days in jail, with the jail sentence suspended. On his appeal to circuit court for a trial de novo, the trial judge, sitting without the intervention of a jury, found him guilty of disturbing the peace and fixed his punishment at a fine of $25 and 30 days in jail with all but one day suspended on his good behavior. From that judgment he appeals in error.

On May 18, 1973, the defendant stopped his car at a red light at Caldwell and Washington Streets in the city of Paris. Sergeant James Walker of the Paris Police Department had gotten out of a car and had started toward City Hall when the defendant, driving past the police station, called to the officer, "sooey." Only Walker and the defendant were present. Walker obtained a warrant for the defendant for disorderly conduct and disturbing the peace and, with another officer, arrested the defendant the following day.

The defendant contends (1) this evidence is insufficient as a matter of law to sustain the conviction and (2) disturbing the peace can only be committed by violent conduct or by conduct calculated to immediately provoke violence or a violation of the law.

The statute involved is TCA 39–1213. Disturbance of peace—Definition—Penalty. In *Baxter v. Ellington*, 318 F.Supp. 1079 (1970), a three-judge federal district court held void for overbreadth that part of the statute which read: "It shall be unlawful for any person to disturb the peace of others by violent, profane, indecent, offensive or boisterous conduct or language; . . ." Not held unconstitutional was the second clause of the definition: "(B)y conduct calculated to provoke violence or a violation of the law." Only this conduct can be punished under the statute.

The defendant argues that language (words) is not embraced in the definition of conduct, and that if conduct does include language, the statute is void for vagueness since no one would know that language is conduct. We hold that conduct encompasses language and this clause of the statute is not void for vagueness.

The language prohibited by this statute is "fighting" words, "those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). In *Gooding v. Wilson*, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972), considering a Georgia statute challenged as vague, the United States Supreme Court said:

" . . . The Supreme Court of New Hampshire, however, 'long before the words for which Chaplinsky was convicted,' sharply limited the statutory language 'offensive, derisive or annoying

word' to 'fighting' words: '(N)o words were forbidden except such as have a direct tendency to cause acts of violence by the person to whom, individually, the remark is addressed. . . .

" . . .

" 'The test is what men of common intelligence would understand would be words likely to cause an average addressee to fight. . . . Derisive and annoying words can be taken as coming within the purview of the statute . . only when they have this characteristic of plainly tending to excite the addressee to a breach of the peace. . . .

" . . .

" 'The statute, as construed, does no more than prohibit the face-to-face words plainly likely to cause a breach of the peace by the addressee . . . ' [*State v. Chaplinsky*] 91 N.H. 310, 313, 320–321, 18 A.2d 754, 758, 762 (1941)."

United States Supreme Court decisions since *Chaplinsky* have continued to recognize state power constitutionally to punish "fighting" words under carefully drawn statutes not also susceptible to application to protected expression. See *Cohen v. California*, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971).

Under the evidence here, the defendant's conduct (words) did not amount to "fighting" words as contemplated by the statute. There was no direct, face-to-face conduct or other exigent circumstances here. This word addressed to a police officer trained to exercise a higher degree of restraint than the average citizen would not be expected to cause a breach of the peace. See *Lewis v. New Orleans*, 408 U.S. 913, 92 S.Ct. 2499, 33 L.Ed.2d 321 (1972).

We hold the evidence insufficient to sustain the verdict. Other assignments have been considered and are found to be without merit.

This case is reversed and dismissed.

OLIVER and GALBREATH, JJ., concur.