STATE of Tennessee, Appellee,

v.

Paul Webster CREASY, Jr., Appellant.

Court of Criminal Appeals of Tennessee,
at Nashville.

May 5, 1994.

Permission to Appeal Denied by
Supreme Court Sept. 19, 1994.

Karl Dean, Public Defender, Jeffrey A. DeVasher and Cynthia M. Fort, Asst. Public Defenders (on appeal) and Ralph W. Newman, Asst. Public Defender, Nashville (at trial), for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Eugene J. Honea, Asst. Atty. Gen., Victor S. Johnson III, Dist. Atty. Gen., and Mary Campbell, Asst. Dist. Atty. Gen., Nashville, for appellee.

### OPINION

PEAY, Judge.

The defendant was found guilty by a jury of disorderly conduct and was sentenced to thirty (30) days confinement and ordered to pay a fifty dollar ($50) fine. The trial judge issued a notice of contempt hearing based upon alleged statements made by the defendant to the prosecuting attorney while the parties were awaiting the jury's verdict in the disorderly conduct trial. The court subsequently found the defendant guilty of contempt of court and sentenced him to five (5) days confinement.

In this appeal as of right the defendant challenges the sufficiency of the evidence as to both convictions, and he contests the sentence imposed upon the disorderly conduct conviction. We find that the evidence is insufficient to support the contempt conviction, and thereby order that this conviction be reversed and dismissed. We further conclude, however, that the evidence is sufficient to support the disorderly conduct conviction and that the sentence is appropriate.

## I. DISORDERLY CONDUCT

The statements of the evidence which were filed pursuant to T.R.A.P. 24(c) reveal that on May 13, 1991, the defendant was convicted of disorderly conduct as a result of an altercation with Officer Timothy Sullivan of the Nashville Metropolitan Police Department.

At the jury trial, Officer Sullivan testified that as he was writing a citation for a vehicle which was improperly parked in a Wal–Mart parking lot, the defendant had approached him, placing himself between the officer and the parked car. The defendant then began using profanity, referring to the officer as a "s—t-b—l", "m—— f——", and "s— of a b——." He clenched his fist as he held one hand to his side and pointed his finger at the officer. The officer testified that, at that point, he had felt personally threatened.

When the defendant concluded his comments he went inside the Wal–Mart Store. Officer Sullivan then called for back-up. When the defendant emerged from the store approximately thirty (30) minutes later, Officer Sullivan asked him to produce some sort of identification, and when he refused, the officer placed him under arrest for disorderly conduct.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the proof adduced at the trial is sufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt. T.R.A.P. 13(e). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. *Cabbage,* 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence.

*State v. Grace,* 493 S.W.2d 474, 476 (Tenn. 1973).

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn.1982).

Tennessee's disorderly conduct statute, T.C.A. § 39–17–305, provides in part as follows:

(a) A person commits an offense who, in a public place and with intent to cause public annoyance or alarm:

(1) Engages in fighting or in violent or threatening behavior;

(2) Refuses to obey an official order to disperse issued to maintain public safety in dangerous proximity to a fire, hazard or other emergency; or

(3) Creates a hazardous or physically offensive condition by any act that serves no legitimate purpose.

The defendant contends that his verbal epithets could not form the basis of his conviction because his speech is protected by the First Amendment to the United States Constitution and Article 1, § 19 of the Tennessee Constitution. These protections, however, are not absolute and have been held not to apply to "fighting words." Such words have been defined as "those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Chaplinsky v. New Hampshire,* 315 U.S. 568, 572, 62 S.Ct. 766, 769, 86 L.Ed. 1031 (1942); *Garvey v. State,* 537 S.W.2d 709, 710 (Tenn. Crim.App.1975). Though the words to the officer were profane and insulting, the defendant contends, and we agree, that his words were not "fighting words" because they neither inflicted injury nor tended to incite an immediate breach of the peace. This Court has previously held that since police officers

are trained to exercise a higher degree of restraint than the average citizen, insulting words would not be expected to cause a breach of the peace. *Garvey v. State,* 537 S.W.2d at 711.

The defendant cites the unreported decision in *State v. Scott,* C.C.A. No. 17, 1989 WL 22736, Meigs County (Tenn.Crim.App. filed March 16, 1989, at Knoxville) in further support of his position. In *Scott,* this Court reversed the defendant's conviction for breach of the peace where the defendant called the sheriff "a fat son of a bitch" and "slung a cup of ice across the lot." This Court held that since the words uttered were insults only and there was no evidence that the defendant had threatened any physical assault on the sheriff, the evidence was insufficient to support the conviction for breach of the peace.

The State contends that *Scott* is distinguishable from the case at bar in that Officer Sullivan testified that the defendant had clenched his fist at his side and pointed his finger in the officer's face. We agree.

▆▆▆ We find that the defendant's behavior was not only reprehensible, but that it could also clearly have been considered threatening. Though no evidence that the defendant ever raised his fist was presented, the officer testified that the defendant had physically positioned himself between the officer and the car that he was ticketing. The officer further testified that he had felt physically threatened and had called for back-up when the defendant walked away. Pursuant to T.C.A. § 39–17–305(a)(1), these facts support the jury's finding that the defendant engaged in "threatening behavior," and the evidence is therefore sufficient to support this conviction.

▆▆▆ In his related sentencing issue, the defendant contends that the trial court erred in imposing the maximum sentence for this conviction. Again we disagree.

▆▆▆ When a defendant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. T.C.A. § 40–35–401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40–35–401(d) Sen-

tencing Commission Comments. This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn. 1991).

A portion of the Sentencing Reform Act of 1989, codified at T.C.A. § 40–35–210, established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40–35–113 and 40–35–114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

T.C.A. § 40–35–210.

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the trial court is required to allow the parties a reasonable opportunity to be heard on the question of the length of the sentence and the manner in which it is to be served. T.C.A. § 40–35–302(a). The sentence must be specific and consistent with the purpose and principles of the Criminal Sentencing Reform Act of 1989. T.C.A. § 40–35–302(b). A percentage of not greater than 75% of the sentence should be fixed for service, after which the defendant becomes eligible for "work release, furlough, trusty status and related rehabilitative programs." T.C.A. § 40–35–302(d).

▆▆▆ The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. *State v. Karl Christopher Davis,* No. 01C01–9202–CC–00062, Williamson County, 1993 WL 75046 (Tenn.Crim.App. filed March 17, 1993, at Nashville); *State v. Bernell B. Lawson,* No. 63, 1991 WL 84071, Cumberland County (Tenn.Crim.App. filed

May 23, 1991, at Knoxville). However, in determining the percentage of the sentence to be served in actual confinement, the court must consider enhancement and mitigating factors as well as the purposes and principles of the Criminal Sentencing Reform Act of 1989. T.C.A. § 40–35–302(d). The court should not impose such percentages arbitrarily. T.C.A. § 40–35–302(d).

In the case under review, the trial court sentenced the defendant to thirty (30) days in jail at 75%, the maximum sentence allowed by law.

■ At the sentencing hearing the State offered no proof other than the presentence report. The defendant testified, again denying that he had verbally or physically threatened the officer. The trial court then sentenced the defendant, but nothing in either of the statements of the evidence reflects the factors he considered in imposing the sentence. The presumption of correctness, therefore, does not attach.

The presentence report which was included in the technical record indicates that no enhancing factors were filed by the Attorney General's office and that none were discovered by the investigating officer. However, upon our *de novo* review, we find that the report indicates that the defendant has a somewhat lengthy criminal history. Apparently he has been a recalcitrant offender, for among the misdemeanors of which he has been convicted, two were the same as those for which he is now before this Court.

The record clearly demonstrates that the defendant has a previous history of criminal behavior, and pursuant to T.C.A. § 40–35–114(1), this enhancement factor would be applicable. In light of the misdemeanor sentencing considerations and the facts of this case, we find that the sentence imposed was not excessive.

## II.  CONTEMPT

In his second issue the defendant contends that the evidence is insufficient to support his conviction for contempt of court. We agree.

The statement of the evidence as submitted by the defendant reveals that during a recess, while being tried for the offense of disorderly conduct, the defendant verbally accosted the assistant district attorney who prosecuted this case. While sitting alone at the counsel table awaiting the jury's verdict, the defendant attempted to engage in conversation with the prosecutor, telling her to "take (her) best shot" and calling her a "communist."

The prosecutor then asked the assistant public defender who was seated in the courtroom to instruct the defendant not to speak to her, or she would ask that he be held in contempt. The defendant then stated that he could not be held in contempt because court was not in session. Defense counsel returned to the counsel table, and the defendant once more referred to the prosecutor as a "communist" and a "dictator."

At a separate hearing the defendant was found guilty of contempt for making the foregoing remarks and was sentenced to five (5) days in jail.

■ As we have previously discussed the standard of review for this issue, we find it unnecessary to reiterate this Court's duty. We do not agree with the State's position that this issue has been waived because the appeal was not timely filed. The appeal was filed within thirty (30) days of the denial of the defendant's motion for a new trial pursuant to T.R.A.P. 4(c). Since the defendant complied with this rule, his notice of appeal is not untimely.

The statute under which the defendant was convicted, T.C.A. § 29–9–102, states, in pertinent part, that the courts may issue attachments for contempt of court for "[t]he willful misbehavior of any person in the presence of the court, or so near thereto, as to obstruct the administration of justice."

According to the trial judge's order denying the defendant's motion for a new trial and motion for judgment of acquittal, the trial judge found that the defendant had made contemptuous remarks not to the prosecutor or the trial judge, but rather to the court. As such, the court opined that its previous finding of contempt must stand "in order to effectively operate the judicial system of the State."

■ Though the court did not find that the contempt occurred in the actual presence of the court, it is apparent from the order that the court intended to punish the "willful misbehavior" of the defendant which had occurred so "near thereto" the presence of the court that it had obstructed the administration of justice.

We do not agree that the defendant's remarks were addressed to the court. Furthermore, we find that the defendant's "willful misbehavior" did not occur in the presence of the court or so "near thereto" as to interrupt the proceedings and thereby "obstruct the administration of justice." *See Harwell v. State*, 78 Tenn. 544 (1882).

When the defendant made the remarks, the court was not in session, and the parties were merely in the courtroom awaiting the jury's return. The prosecutor was not, at the time, performing any prosecutorial duties. The jury returned their verdict without incident. We, therefore, find that the defendant's remarks, although inappropriate, did not "obstruct the administration of justice" as the statute requires and that the evidence as presented is insufficient to sustain this conviction. Accordingly we reverse and dismiss this conviction.

### CONCLUSION

In conclusion, we find that the evidence is sufficient to support the defendant's conviction for disorderly conduct, and in light of the defendant's past criminal history, that the sentence imposed was not excessive. As stated above, however, we find that the evidence is insufficient to sustain the conviction for contempt of court, and we must therefore reverse and dismiss this conviction. The judgment of the trial court is affirmed in part and reversed in part.

TIPTON, J., and C. CREED McGINLEY, Special Judge, concur.