**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JUNE SESSION, 1997**

FILED

July 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 02C01-9607-CC-00238** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **HARDEMAN COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. JON KERRY BLACKWOOD** |
| **BURL JARRETT,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Misdemeanor Sentencing) |

**ON APPEAL FROM THE JUDGMENT OF THE
CIRCUIT COURT OF HARDEMAN COUNTY**

FOR THE APPELLANT:

JAMES T. "JIM" SANDERSON
WILLIAM G. HATTON
P.O. Box 331
Bolivar, TN 38008

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

ELIZABETH RICE
District Attorney General

JERRY NORWOOD
Assistant District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant entered a plea of guilty to the Class A misdemeanor of simple possession of cocaine. Sentencing was left to the discretion of the trial judge. The trial judge sentenced the Defendant to serve six months in the county jail. The Defendant appeals from his sentence. We affirm the judgment of the trial court.

The Defendant was charged by indictment with the Class B felony offense of possession with the intent to deliver over .5 grams of cocaine. On the morning of the trial, apparently after the jury was selected, a plea agreement was reached whereby the Defendant pleaded guilty to simple possession of cocaine, a Class A misdemeanor. Subsequently, the trial court conducted a sentencing hearing after which the Defendant was sentenced to six months in the county jail with seventy-five percent to be served.[1] The trial court also levied a fine in the amount of two hundred fifty dollars. In this appeal, the Defendant argues that this Court should reduce his sentence.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing

---

[1] We observe that the judgment reflects that seventy-five percent shall be served while a "sentencing order" reflects that fifty percent must be served.

principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide a defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. Tenn. Code Ann. § 40-35-302(a). The trial court retains the

authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994 ).

The transcript from the guilty plea hearing reflects that these charges resulted from a search warrant being executed on the Defendant's residence. A co-defendant was at the residence and was observed flushing a plastic bag down the toilet. The officers were apparently able to secure the sewage discharge pipe at the residence and retrieved from it a plastic bag containing a white powder. The white powder was determined to be approximately one gram of cocaine. We do note that the co-defendant indicated that the cocaine belonged to him rather than to the Defendant.

The presentence report reflects that the Defendant was twenty-nine years old and was married. He dropped out of school in the eleventh grade and had apparently been unable to maintain employment due to a disability. The report also shows that the Defendant has one prior felony drug conviction involving cocaine which occurred in 1995. The conviction in the case sub judice was entered on February 1, 1996, although the offense took place prior to the previous felony conviction. In addition, the Defendant received a felony forgery conviction in 1985 and has had several traffic offenses. While on probation for the previous felony cocaine conviction the Defendant tested positive for cocaine use on two occasions. The Defendant chose not to make a statement for

-4-

purposes of the presentence report and also chose not to testify at his sentencing hearing.

This Court should not place trial judges in a "judicial straight-jacket" regarding misdemeanor sentencing or in any other area, and we are reluctant to interfere with the "traditional discretionary powers" of trial judges. See Moten v. State, 559 S.W.2d 770, 773 (Tenn. 1977). The sentence imposed by the trial judge for this Class A misdemeanor offense is in the middle of the range. From this record, we cannot conclude that the trial judge erred or abused his discretion.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE