# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER SESSION, 1997



**FILED**

**January 29, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9701-CR-00042** |
| Appellee, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. CHRIS CRAFT** |
| **FRANK E. BRADFORD,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal-Disorderly Conduct)** |

FOR THE APPELLANT:

EDWARD THOMPSON
Assistant Public Defender
Shelby County Public Defender's
Office
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

WILLIAM L. GIBBONS
District Attorney General

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# **OPINION**

Appellant, Frank E. Bradford, was convicted of the offense of disorderly conduct in violation of Tennessee Code Annotated Section 39-17-305. He was sentenced to serve thirty days in the Shelby County Correctional Center. In this appeal he alleges that the evidence is insufficient to support the verdict.

After a review of the record we find there is sufficient evidence to support the verdict and we affirm the judgment of the trial court.

## FACTUAL BACKGROUND

On May 16, 1995, Memphis Police Officer Gregory Quinn and his partner Officer Tracy McDonald were on patrol in Jefferson Davis Park located in downtown Memphis. Around 5:00 p.m. Quinn and McDonald observed appellant lying on a park bench with a bottle of beer and a backpack. The officers advised Appellant he could not drink in the park and that he had to leave. Appellant responded with an obscenity and the officers informed him he was under arrest. As Officer McDonald attempted to handcuff Appellant, he punched her in the chest. Quinn grabbed Appellant while McDonald sprayed him with pepper spray. Appellant was finally handcuffed and transported to jail.

The beer bottle Appellant had been holding had been opened and part of the contents were missing. Although Appellant smelled of alcohol the officers did not think he was drunk. Officer Quinn stated that although the park was open to the public at the time Appellant was approached by the officers, there is a city ordinance which prohibits drinking in the park.

## SUFFICIENCY OF THE EVIDENCE

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the proof adduced at the trial is sufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt. T.R.A.P. 13(e). We do no reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Although this case involved a bench trial, the findings of the trial judge who conducted the proceedings carry the same weight as a jury verdict. State v. Tate, 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981).

Disorderly conduct is defined as follows at Tennessee Code Annotated Section 39-17-305:

> (a) A person commits an offense who, in a public place and with intent to cause public annoyance or alarm:
>> (1) Engages in fighting or in violent or threatening behavior;
>> (2) Refuses to obey an official order to disperse issued to maintain public safety in dangerous proximity to a fire, hazard or other emergency; or
>> (3) Creates a hazardous or physically offensive condition by any act that serves no legitimate purpose.
> (b) A person also violates this section who makes unreasonable noise which prevents others from carrying on lawful activities.
> (c) A violation of this section is a Class C misdemeanor.

The State indicted Appellant in a three count indictment for violation of this statute. The indictment alleged that Appellant with the requisite intent to cause public annoyance did:

> Count 1: ". . . engage in threatening behavior . . ."
> Count 2: " . . . create a physically offensive condition by acts that served no legitimate purpose. . ."
> Count 3: ". . . make unreasonable noise which prevented others from carrying on lawful activities . . ."

This case is remarkably similar to the case of State v. Creasy, 885 S.W.2d 829 (Tenn. Crim. App. 1994). In that case, as well as the one sub judice, the defendant claimed the use of obscenity directed at police officers cannot standing alone form the basis of a disorderly conduct charge. Id. at 831. This Court found that obscenity which does not amount to the use of "fighting words" is protected speech under the federal and state constitutions and cannot therefore be proscribed by the disorderly conduct statute. Id. However, the use of obscenity coupled with physically threatening or violent behavior may form the basis of a conviction for disorderly conduct. Id. at 832.

In the instant case, as in Creasy, the record reflects that Appellant not only cursed the police officers, but actually struck Officer McDonald. Such behavior is clearly sufficient to sustain a verdict of guilty to the charge of disorderly conduct.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE


_____
J. CURWOOD WITT, JR. JUDGE