IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1998 SESSION

FILED

April 28, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9711-CC-00502 |
| | ) | |
| | ) | Rhea County |
| v. | ) | |
| | ) | Honorable Buddy D. Perry, Judge |
| | ) | |
| ROBERT PATTON | ) | (Assault) |
| a/k/a RED PATTON, | ) | |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Philip A. Contra
District Public Defender
    and
Jeffrey Harmon
Assistant Public Defender
200 Betsy Pack Dr.
P.O. Box 220
Jasper, TN 37347

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Clinton J. Morgan
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

James Michael Taylor
District Attorney General
        and
Will Dunn
Assistant District Attorney General
265 Third Avenue
Dayton, TN 37321

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

The defendant, Robert Patton a/k/a "Red" Patton, appeals as of right following his conviction by a jury in the Rhea County Circuit Court for assault, a Class A misdemeanor. He was originally sentenced to eleven months and twenty-nine days confinement, however the trial court modified the sentence to six months confinement in the Rhea County Jail, with the remainder suspended. On appeal, the defendant contends that (1) the trial court erred by allowing into evidence irrelevant and prejudicial testimony regarding the reaction of young children who witnessed the altercation in issue and (2) the trial court erred by not complying with the sentencing statutes and by not ordering a sentence alternative to confinement. We affirm the judgment of conviction.

The defendant's conviction stems from events occurring at Teddy Smith's home. The defendant went to Mr. Smith's home in search of his girlfriend, Janie Douglas, in order to retrieve keys to his trailer from Ms. Douglas. When Mr. Smith asked the defendant to leave, an altercation ensued. The defendant claimed that Mr. Smith started the altercation, however witnesses for the state testified that the defendant started the altercation. In any event, a fight ensued, and the defendant was arrested. At trial, four witnesses testified that the defendant hit Mr. Smith.

## I. ADMISSION OF IRRELEVANT AND PREJUDICIAL TESTIMONY

The defendant first contends that the trial court erred by allowing into evidence testimony from state's witnesses regarding the reaction of several small children who witnessed the altercation. He contends that the evidence is irrelevant and prejudicial. See Tenn. R. Evid. 401, 403. The state argues that the defendant did not

properly object to the testimony at trial and that the admission of the evidence is harmless in light of the other proof against the defendant.

According to Rule 401, Tenn. R. Evid., evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevant evidence may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Tenn. R. Evid. 403. The trial court has discretion in determining whether evidence meets the test for relevancy. State v. Forbes, 918 S.W.2d 431, 449 (Tenn. Crim. App. 1995). Assessing the probative value and danger of unfair prejudice regarding the evidence also falls within the trial court's discretion. State v. Burlison, 868 S.W.2d 713, 720-21 (Tenn. Crim. App. 1993). This court will only reverse a trial court's decision if the trial court abused its discretion. State v. Williamson, 919 S.W.2d 69, 78 (Tenn. Crim. App. 1995).

The evidence the defendant contests relates to the testimony of state's witnesses regarding the reaction of several small children who witnessed the fight. The state asked three witnesses to describe the reaction of the children, and the witnesses stated that the children were screaming and crying and were scared. The record reflects that the defendant's attorney objected to the testimony on the basis of relevance, but the trial court overruled the objection.

We agree with the defendant that the evidence is irrelevant. In fact, the trial court acknowledged as much during the motion for a new trial. However, the error is harmless in light of the other evidence presented against the defendant, which included four witnesses testifying that the defendant attacked the victim. T.R.A.P. 36(b); Tenn. R. Crim. P. 52(a).

3

## II.  SENTENCING

The defendant contends that the trial court did not comply with statutory sentencing procedures and that the trial court erred by denying sentencing alternatives. Specifically, he argues that the trial court did not state on the record its consideration of relevant sentencing principles, including enhancement and mitigating factors.  He also argues that a sentence ordering him to pay a fine or restitution, a suspended sentence, a split sentence or work release would be more appropriate.  The state contends that the defendant was properly sentenced.

Appellate review of misdemeanor sentencing is de novo on the record with a presumption that the trial court's determinations are correct.  T.C.A. §§ 40-35-401(d), -402(d).  As the Sentencing Commission Comments to T.C.A. § 40-35-401(d) note, the burden is now on the appealing party to show that the sentence is improper. We note that the law provides no presumptive minimum for misdemeanor sentencing. See, e.g., State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).  However, in misdemeanor sentencing, the trial court must consider the purposes and principles of the Criminal Sentencing Reform Act of 1989.  T.C.A. § 40-35-302(d).

At the sentencing hearing, the defendant testified that he was employed by Straight Line Masonry Company and Goodman's Air Conditioning.  He testified that he had not had any trouble with the victim since the offense.  He assured the trial court that if he received probation, he would meet with his probation officer and comply with any requests made of him.

A presentence report was introduced into evidence.  It reflects that the defendant has nine prior misdemeanor convictions for such offenses as public intoxication, disorderly conduct, marijuana possession, driving on a suspended license, and driving on a revoked license.  At the conclusion of the sentencing hearing, the trial

5

court sentenced the defendant to eleven months and twenty-nine days confinement. At the motion for new trial hearing, however, the trial court modified the defendant's sentence to six months confinement with the remainder suspended.

Upon a review of the record, we believe that the trial court complied with the sentencing statutes. See State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998) ("while the better practice is to make findings on the record when fixing a percentage of a defendant's sentence to be served in incarceration, a trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute"). The record shows that the trial court considered the defendant's lengthy criminal history, which included nine misdemeanor convictions. This criminal history more than justifies the defendant's sentence and the manner in which it is to be served. We believe that the defendant has failed to demonstrate that the trial court's sentence is erroneous.

In consideration of the foregoing and the record as a whole, the judgment of conviction is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Gary R. Wade, Presiding Judge


_____
David H. Welles, Judge