IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2001

## STATE OF TENNESSEE v. JEFFREY SCOTT PETTY

**Direct Appeal from the Circuit Court for Bedford County**
**No. 14658      Lee Russell, Judge**

────────────────────

**No. M2000-01739-CCA-R3-CD - Filed July 10, 2001**

────────────────────

The Appellant, Jeffrey Scott Petty, was indicted by a Bedford County Grand Jury for one count of driving under the influence. On May 30, 2000, a jury convicted the Appellant of DUI, first offense, a class A misdemeanor. On that same day, the trial court sentenced the Appellant to eleven months, twenty-nine days, all suspended except for thirty days incarceration. The trial court further ordered that the thirty days be served periodically on weekends. On appeal, the Appellant raises one issue for our review: Whether the trial court properly ordered the Appellant to serve thirty days of his eleven month, twenty-nine day sentence in periodic incarceration. Upon review, we find no error. Thus, the judgment of the Bedford County Circuit Court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., and L. T. LAFFERTY, SP. J., joined.

Robert L. Marlow, Shelbyville, Tennessee, for the Appellant, Jeffrey Scott Petty.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Elizabeth T. Ryan, Assistant Attorney General, and Michael Randles, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background**

On July 4, 1999, Shelbyville police officer, Cody King, observed the Appellant driving in a reckless manner. Although the officer used his siren and lights in an attempt to get the Appellant to stop, the Appellant drove at speeds exceeding 78 m.p.h. down a busy street in Shelbyville before eventually pulling over. Upon approaching the Appellant's vehicle, Officer King smelled a strong odor of alcohol and noticed the Appellant's speech was slurred. Officer King further observed that

the Appellant was unsteady on his feet during the field sobriety tests. The Appellant was transported to the police department where he refused to submit to a breathalyser test. Based upon these facts, he was convicted of driving under the influence, first offense.

## Analysis

The Appellant contends that the trial court's imposition of a thirty-day period of confinement is excessive and that he should have received the minimum sentence of forty-eight hours incarceration. In addressing the Appellant's challenge, we are mindful that our *de novo* review is conditioned with the presumption that the sentencing determination of the trial court is correct. *See* Tenn. Code Ann. § 40-35-401(d). Moreover, the Appellant bears the burden of establishing that the sentence imposed by the trial court is improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

Our legislature has provided that a defendant convicted of first offense DUI "shall be confined . . . for not less than forty-eight hours nor more than eleven months and twenty-nine days." Tenn. Code Ann. § 55-10-403(a)(1). Furthermore, "all persons sentenced under subsection (a) shall, in addition to the service of at least the minimum sentence, be required to serve the difference between the time actually served and the maximum sentence on probation." Tenn. Code Ann. § 55-10-403(c). In effect, the DUI statute mandates a maximum sentence for a DUI conviction with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended. Tenn. Code Ann. § 40-35-302(d); *see* State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998).

In the present case, the Appellant contends the trial court erred by ordering him to serve thirty days of his eleven month, twenty-nine day sentence in periodic incarceration. Our statutory sentencing scheme is designed to provide the trial court with continuing jurisdiction in the misdemeanor case and a wide latitude of flexibility. In imposing a misdemeanor sentence, the trial court is required to impose a sentence consistent with the purposes and principles of the Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-302(b). The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App.1994). In misdemeanor sentencing, the trial court should consider the nature and circumstances of the criminal conduct involved. *See* Tenn. Code Ann. § 40-35-102(1)(seriousness of the offense) and § 40-35-103(1)(b). Moreover, our sentencing law permits consideration of the defendant's prior criminal history in arriving at the appropriate sentence. *See generally* Tenn. Code Ann. § 40-35-102(3)(b) and § 40-35-103(1)(2).

The Appellant contends that his thirty-day period of incarceration is excessive as it was based upon the trial court's application of an improper enhancing factor, namely that his actions endangered the safety of others. At sentencing, the trial court considered the following factors:

> Some of the concerns I have: Number One, the record of other involvement in criminal activity that we've heard about. The concern I have is the fact that this occurred on what's without a doubt the busiest street in Shelbyville in Bedford

County.  Certainly with the disregard for the safety of other folks involved in driving intoxicated on that particular street, it gives me a lot of concern in this situation.  I don't think it's a case for the statutory minimum.

Prior to his arrest for DUI, the Appellant, a former Shelbyville police officer, had engaged in criminal conduct which resulted in federal convictions for drug violations.[1]  As acknowledged by the Appellant, the trial court properly considered the Appellant's past criminal history.  *See generally* Tenn. Code Ann. § 40-35-102(3)(b) and § 40-35-103(1)(2).  Additionally, the trial court properly considered the circumstances of the offense in finding that the Appellant's actions endangered the safety and lives of others.  *See* Tenn. Code Ann. § 40-35-102(1) and § 40-35-103(1)(b). We also note that the trial court accommodated the Appellant when imposing the term of incarceration by permitting confinement to be served periodically on "off-duty" weekends so that the Appellant could fulfill his National Guard and employment obligations.

Upon *de novo* review, and in observance of the less stringent procedures attached to misdemeanor sentencing, we cannot conclude that the trial court's imposition of a thirty-day period of confinement was improper.  Accordingly, the judgment of the trial court is affirmed.

_____

DAVID G. HAYES, JUDGE

---

[1] On March 24, 2000, the Appellant pled guilty in the United States District Court, Eastern District of Tennessee, to the federal offenses of (1) possession with the intent to distribute marijuana; and (2) possession of marijuana.