IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2001

## STATE OF TENNESSEE v. DOYLE W. PUGH

**Direct Appeal from the Circuit Court for Cumberland County**
**No. 5068     Lillie Ann Sells, Judge**

**No. E2000-02488-CCA-R3-CD**
**August 15, 2001**

Pursuant to a plea agreement, the Defendant pled guilty to two misdemeanor counts of fraudulent use of a credit card and was placed on judicial diversion. Thereafter, a warrant was filed in which the Defendant's probation officer alleged that the Defendant failed to report as directed and failed to pay fines and court costs in a timely manner. After a hearing on the warrant, the trial court revoked the Defendant's judicial diversion and entered a judgment against the Defendant, requiring him to serve eleven months and twenty-nine days on each count, with the sentences to run concurrently. The Defendant now appeals, arguing that the trial court abused its discretion by sentencing the Defendant to eleven months and twenty-nine days incarceration rather than eleven months and twenty-nine days probation. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., joined, and JAMES CURWOOD WITT, JR., J., concurred in the result.

Cynthia S. Lyons, Cookeville, Tennessee, for the Appellant, Doyle W. Pugh.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; William Edward Gibson, District Attorney General; and Anthony J. Craighead, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Defendant, Doyle W. Pugh, was indicted by the Cumberland County Grand Jury for seventeen misdemeanor counts of fraudulent use of a credit card. Pursuant to a plea agreement, on October 30, 1998, the Defendant pled guilty to two of the seventeen misdemeanor counts of fraudulent use of a credit card (Class A misdemeanors), and the remaining counts were dismissed. The trial court placed the Defendant on judicial diversion for a period of eleven months and twenty-nine days, and ordered restitution in the amount of $5,217.00 to be paid to Trans Financial Bank in Crossville, Tennessee. On October 8, 1999, prior to the expiration of the original term of judicial

diversion, an agreed order was entered, in which the Defendant's period of probation was extended an additional eleven months and twenty-nine days. According to the order, at that time the Defendant still owed $3,090.00 in "court cost and fines." Presumably this amount also included the restitution to Trans Financial Bank that was ordered as part of the original plea agreement.

On February 29, 2000, the Defendant's probation officer, J. L. Colton, obtained a violation of probation warrant against the Defendant, in which Colton alleged that the Defendant had failed to properly report for the month of February, 2000 and that he had failed to pay fines and court costs in a timely manner. The warrant alleged that the Defendant owed a balance of $2,090.50 as of the date of the warrant. Again, we presume that restitution was included in the balance.

On September 28, 2000, the trial court conducted a hearing on the allegations in the violation of probation warrant that had been filed against the Defendant. The trial court found that the Defendant had failed to report as directed and terminated the judicial diversion. The trial court entered judgments against the Defendant, sentencing him to serve eleven months and twenty-nine days on each of the two counts, with the sentences to run concurrently. The judgments specify a thirty percent "minimum service prior to eligibility for work release, furlough, trustee status and rehabilitative programs (misdemeanor)."

## ANALYSIS

On appeal, the Defendant concedes that the trial court did not abuse its discretion in revoking the Defendant's judicial diversion, but argues that the trial court did abuse its discretion by sentencing the Defendant to a sentence involving incarceration.

Tennessee Code Annotated § 40-35-313(a)(1)(A) provides that if a person is found guilty or pleads guilty to certain offenses, the trial court may, without the entry of a judgment of guilty and with the consent of such person, defer further proceedings. The Defendant is then placed on probation with reasonable conditions for not less than the period of the maximum sentence for the misdemeanor offense with which the Defendant is charged, or not more than the maximum sentence for the felony offense with which the Defendant is charged. Id. Upon violation of probation, the court may then enter an adjudication of guilt and proceed to sentencing. Tenn. Code Ann. § 40-35-313(a)(2). The standard of review for the termination of judicial diversion is abuse of discretion. State v. Johnson, 15 S.W.3d 515, 517-18 (Tenn. Crim. App. 1999).

In misdemeanor sentences, a separate sentencing hearing is not mandatory, but the trial court is required to allow the parties a reasonable opportunity to be heard on the question of the length of the sentence and the manner in which it is to be served. Id. § 40-35-302(a). In this case, the trial court did so. Further, the sentence imposed must be specific and consistent with the purposes and principles of the Criminal Sentencing Reform Act of 1989. Id. § 40-35-302(b). A percentage of not greater than seventy-five percent of the sentence should be fixed for service, after which the Defendant becomes eligible for "work release, furlough, trusty status and related rehabilitative programs." Id. § 40-35-302(d). We note that the plea agreement entered into by the Defendant when

he received judicial diversion included a provision indicating "county jail program eligibility: 30%." This would seem to indicate that in the event that the Defendant was ordered to serve his sentences, his county jail program eligibility was to be set at thirty percent, which in fact is exactly what is indicated in the judgment forms eventually entered by the trial court.

The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). However, in determining the percentage of the sentence to be served in actual confinement, the court must consider enhancement and mitigating factors as well as the purposes and principles of the Criminal Sentencing Reform Act of 1989, and the court should not impose such percentages arbitrarily. Tenn. Code Ann. § 40-35-302(d).

In this case, it is obvious that a major consideration weighing against alternative sentencing for the Defendant is that measures less restrictive than confinement had recently been applied unsuccessfully to the Defendant. Id. § 40-35-103(1)(C). The Defendant was granted judicial diversion and placed on probation. Although the original probation order required payment of fines, cost and restitution within the original eleven month and twenty-nine day period of probation, the Defendant failed to meet this requirement. The court extended the period of probation for an additional eleven months and twenty-nine days. At the time that the warrant was issued against the Defendant for violation of probation and at the time of the hearing on said warrant, the Defendant still had failed to pay the balance of his fine, court costs and restitution.

In this case, due to the Defendant's health problems that prevented him from working, the trial court took no action against him based upon his failure to pay. The trial court did find that there was no excuse for his failure to report as directed. Because reporting as directed is a rule of probation with which the Defendant did not comply, it is obvious that probation had recently been applied unsuccessfully to the Defendant. We conclude that the Defendant's sentence was not excessive and that it was consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act.

Finally, the Defendant argues on appeal that the trial court erred in sentencing him to eleven months and twenty-nine days incarceration because "this was not the agreed upon sentence at the time the guilty plea was originally entered." The Defendant asserts that the plea agreement form "clearly indicates that the agreed upon sentence was eleven months and twenty-nine days probation." The plea agreement does include under the "PUNISHMENT" section, the language "11 mo. 29 days supervised prob.," but it is clear that the eleven months and twenty-nine days of supervised probation was included as part of the judicial diversion order. For the reasons stated above, which are not contested by the Defendant, the trial court properly revoked the Defendant's probation that was a part of the judicial diversion. The trial court then properly ordered the Defendant to serve two concurrent sentences of eleven months and twenty-nine days with a county jail program eligibility of thirty percent.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE