IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1999 SESSION

FILED

December 2, 1999

Cecil CROWS ON, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9901-CC-00025 |
| | ) | |
| | ) | Blount County |
| v. | ) | |
| | ) | Honorable D. Kelly Thomas, Jr., Judge |
| | ) | |
| TINA EARLS, | ) | (Theft of property valued under five-hundred |
| | ) | dollars) |
| Appellant. | ) | |

For the Appellant:

Shawn Graham
Office of the Public Defender
419 High Street
Maryville, Tennessee 37804
(AT TRIAL)

Gerald L. Gulley, Jr.
Post Office Box 1708
Knoxville, TN 37901-1708
(ON APPEAL)

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
        and
Clinton J. Morgan
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243

Michael L. Flynn
District Attorney General
        and
Kirk E. Andrews
Assistant District Attorney General
363 Court Street
Maryville, TN 37804

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Tina Earls,[1] appeals as of right from her conviction following a guilty plea in the Blount County Criminal Court for theft of property valued under five-hundred dollars, a Class A misdemeanor. The trial court sentenced the defendant to eleven months and twenty-nine days in the Blount County Jail, with probation eligibility after serving fifty percent of the sentence. The defendant contends that the trial court should have been sentenced her to full probation or to community corrections. We affirm the judgment of the trial court.

At the sentencing hearing, the twenty-nine-year-old defendant testified that she had been addicted to cocaine for nine years and that she routinely shoplifted merchandise to sell for cocaine money. She testified that she did not work but received disability benefits because of her nerves. She stated that she has two children, ages eight and ten, and that she did not use drugs in front of her children. She testified that she attended various drug treatment programs but was unable to complete them because of problems with her insurance and lack of transportation. She testified that she wanted to complete a treatment program but admitted that the temptation of drugs remained strong.

A presentence report was admitted into evidence. The report reflects that the defendant has five previous theft convictions dating from 1995, two petit larceny convictions from 1989, and one shoplifting conviction from 1989. The defendant reported using alcohol beginning at age fourteen but reported that she had stopped drinking alcohol after attending treatment in September 1998.

Appellate review of misdemeanor sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d), -402(d). As the Sentencing Commission Comments to Tenn. Code Ann. § 40-35-401(d) note, the burden is now on the appealing party to show that the sentence is improper. We note that the law provides no presumptive minimum for misdemeanor sentencing. See, e.g., State v. Creasy, 885 S.W.2d 829, 832 (Tenn.

---

[1]The record also refers to the defendant as "Tina Brown" and "Tina Earls Brown". We refer to the defendant as Tina Earls in this opinion because that is the name on the indictment, and nothing indicates that the indictment was amended.

Crim. App. 1994). However, in misdemeanor sentencing, the trial court must consider the purposes and principles of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-302(d).

Upon a review of the record, we believe that the trial court complied with the sentencing statutes. See State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998) (stating that "while the better practice is to make findings on the record when fixing a percentage of a defendant's sentence to be served in incarceration, a trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute"). The defendant's lengthy criminal history more than justifies the defendant's sentence and the manner in which it is served. See Tenn. Code Ann. § 40-35-103(1)(A). Moreover, although the defendant claims a desire for rehabilitation, she has been unable to attend any treatment programs successfully. The trial court told the defendant that she should use her time in jail to formulate a plan for rehabilitation and treatment upon release, stating that "I don't want you back out roaming around on the roads and falling back into that." The trial court considered six months of confinement appropriate for the defendant's rehabilitation. See Tenn. Code Ann. § 40-35-104(5). The defendant has failed to overcome the presumption of correctness attached to the trial court's sentence.

In consideration of the foregoing and the record as a whole, we affirm the judgment of conviction.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
Jerry L. Smith, Judge

_____
Thomas T. Woodall, Judge

3