# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY SESSION, 1999

FILED

February 3, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )
    Appellee          )          No. 02C01-9808-CC-00246
                             )
vs.                          )          CHESTER COUNTY
                             )
                             )          Hon. John Franklin Murchison, Judge
PHENIX H. ROSS,              )
                             )          (Possession of Marijuana)
    Appellant         )


For the Appellant:

**C. Michael Robbins**
46 North Third Street
Suite 719
Memphis, TN  38103

(ON APPEAL)

**George Morton Googe**
District Public Defender
**Michael Rasnake**
Asst. Public Defender
227 West Baltimore Street
Jackson, TN  38301

(AT TRIAL)

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Elizabeth T. Ryan**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**James G. (Jerry) Woodall**
District Attorney General

**Nick Nicola**
Asst. District Attorney General
P. O. Box 2825
Jackson, TN  38302-2825


OPINION FILED: _____

AFFIRMED


**David G. Hayes**
Judge

## OPINION

The appellant, Phenix H. Ross,[1] was found guilty by a Chester County jury of possession of marijuana, a class A misdemeanor. At a subsequent sentencing hearing, the trial court imposed a sentence of eleven months and twenty nine days, suspending all but one hundred and twenty days with the balance of the sentence to be served on supervised probation. The appellant now appeals the sentencing decision of the trial court.

After review of the record, we affirm.

## Background

On February 11, 1997, at approximately 9:50 p.m., Henderson Police Officer Ronnie Faulkner was called to a local Bull Market convenience store. The clerk at the store directed the officer's attention to the appellant who at the time was in his vehicle on the parking lot with the engine running. As the car door opened, Officer Faulkner detected a strong odor of alcohol. Faulkner requested that the appellant perform a field sobriety test, which the appellant was unable to successfully execute. The appellant was then arrested for driving under the influence and Faulkner conducted a pat down search of his person. The pat-down resulted in the discovery of a pack of rolling papers in the appellant's front pocket. The appellant was placed in the patrol car, and Officer Faulkner, now accompanied by Chester County Deputy Weaver, conducted a search of the appellant's vehicle. Faulkner discovered a white plastic bag on the floorboard of the passenger's side of the appellant's car. The bag contained, what was later confirmed to be, 1.7 grams of marijuana. The appellant

---

[1]The indictment reflects that the appellant's middle initial is "H." The testimony developed at the appellant's trial indicates that the appellant's middle name is Neshano.

was transported to the county jail where he refused to take a breathalyser test.[2]  He was subsequently indicted for driving under the influence and possession of marijuana.  A jury found the appellant not guilty of the DUI charge but guilty as to the possession charge.

At the sentencing hearing, the State relied upon proof of the appellant's two prior DUI convictions.  The appellant's proof consisted of three character witnesses: his minister, his wife, and his employer.  The appellant's minister testified that the appellant occasionally attended church and worked for the church.  The appellant's wife stated that  she and the appellant had three children and that "he works every day."  Finally, the appellant's employer testified that the appellant had a "good attendance record.  He's there on time.  He is multi talented, versatile -- I depend on him every day."

The trial court's findings are noted as follows:

I think an appropriate sentence in this case would be imprisonment for 11 months and 29 days and a $500 fine.  He has got to serve some jail time because he has two prior very super serious misdemeanors, and those being driving under the influence of an intoxicant, and, of course, in this case he did possess marijuana -- and he did possess rolling papers.  I am not counting that as an enhancement or anything, and he wasn't convicted of that.  He did have it.  I think an appropriate jail period would be 120 days.

Accordingly, the defendant is sentenced to a period of imprisonment of 11 months and 29 days, all suspended but 120 days, which he must serve.  He can serve that on work release, if he can qualify with the Sheriff.

**Analysis**

Again, the appellant alleges that the trial court's imposition of 120 days incarceration is excessive.  Specifically, the appellant complains that the trial court

---

[2]The appellant's refusal ultimately resulted in his driving privileges being suspended for a period of six months pursuant to Tenn. Code Ann. § 55-10-406.

failed to consider his lack of criminal history, his stable employment, and his responsibilities as provider for his family in determining an appropriate sentence. In addressing the appellant's challenge, we are mindful that our *de novo* review is conditioned with the presumption that the sentencing determination of the trial court is correct. See Tenn. Code Ann. § 40-35-401(d) (1997). Moreover, the appellant bears the burden of establishing that the sentence imposed by the trial court is improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

The misdemeanor offender must be sentenced to an authorized determinant sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. See State v. Hailey, No. 02C01-9705-CR-00198 (Tenn. Crim. App. at Jackson, May 14, 1998); see also Tenn. Code Ann. § 40-35-302 (1997). Notwithstanding this limitation, the court can grant probation immediately or after a period of split or continuous confinement. See Tenn. Code Ann. § 40-35-302(e). The governing statute is designed to provide the trial court with continuing jurisdiction in misdemeanor cases and a wide latitude of flexibility. See Troutman, 979 S.W.2d at 273.

In determining the appropriate term of confinement, the trial court should consider that the misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence, State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim., App. 1994), and that the burden of establishing suitability for probation rests with the defendant. Tenn. Code Ann. § 40-35-303(b). With these considerations, the trial court should examine the misdemeanor offense in the light and character of the circumstances of the offense as well as under the mandated sentencing principles. State v. Brannon, No. 03C01-9508-CR-00233 (Tenn. Crim. App. at Knoxville, Apr. 3, 1996), perm. to appeal denied, (Tenn. Nov. 4, 1996)).

In the present case, the appellant was convicted of a class A misdemeanor.

4

The penalty for a Class A misdemeanor is a term of imprisonment "not greater than eleven months, twenty nine days." See Tenn. Code Ann. § 40-35-111(e)(1). In sentencing the appellant, the trial court relied heavily upon the seriousness of the appellant's prior convictions for driving under the influence. The fact that the appellant occasionally attended church, was a good employee, and provided for his family do not outweigh the appellant's prior criminal history and obvious failed attempts at rehabilitation. Certainly, the trial court's imposition of a sentence of one hundred and twenty days confinement was consistent with the principles, purposes and goals of the Sentencing Act and was not an abuse of the court's discretion. The appellant's challenge is without merit.

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
JOHN EVERETT WILLIAMS, Judge