# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY 2000 SESSION



**FILED**

**March 31, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | **M1999-01200-CCA-R3-CD** |
| Appellee, | ) | |
| | ) | **Williamson County** |
| v. | ) | |
| | ) | **Honorable Cornelia A. Clark, Judge** |
| SUSAN L. ADAMS | ) | |
| a/k/a SHANNON ADAMS, | ) | **(Theft Under $500)** |
| | ) | |
| Appellant. | ) | |

**FOR THE APPELLANT:**

**SUSAN L. ADAMS, PRO SE**
**a/k/a SHANNON ADAMS**
116 High Street
Portland, Tennessee  37148

**FOR THE APPELLEE**:

**PAUL G. SUMMERS**
Attorney General & Reporter

**DAVID H. FINDLEY**
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tennessee  37243

**AFFIRMED**

**L. T. LAFFERTY, SENIOR JUDGE**

# OPINION

The appellant, Susan L. Adams, a/k/a Shannon Adams, referred herein as "the defendant," appeals as of right from a sentence imposed by the Williamson County Circuit Court confining her for six (6) months in the Williamson County Jail. The defendant presents one appellate issue:

> Whether the trial court erred in sentencing the defendant to six (6) months incarceration for committing the Class A misdemeanor offense of theft under $500.00

After a review of the entire record, briefs of the parties and applicable law, we AFFIRM the trial court's judgment.

## BACKGROUND

On January 4, 1999, the defendant was arrested by security of Proffitt's Department Store at Cool Springs Galleria in Franklin, Tennessee, for concealing two (2) shirts and a coat without paying for the merchandise. The value of the items was four hundred five dollars ($405.00). On April 12, 1999, the defendant entered a plea of guilty to theft of property under $500. Under the terms of the plea agreement, the place of confinement would be the Williamson County Jail, and the trial court would impose a sentence and consider a request for suspension of sentence. On April 30, 1999, the trial court conducted a sentencing hearing, and, after listening to the testimony of the defendant, the defendant's mother, and reviewing exhibits, the court imposed a sentence of six (6) months in the county jail. The trial court denied probation.

Mrs. Peggy Underhill, the defendant's mother, testified that her daughter's first DUI occurred in Kentucky two (2) weeks before the defendant's eighteenth (18th) birthday. The defendant lost her driver's license but was not put on probation. The defendant attended counseling at Pathfinders Alcohol Treatment Center near Gallatin, Tennessee, for thirty (30) days. Mrs. Underhill stated that the defendant enrolled in an interior design college in Atlanta, Georgia. She testified that the defendant was shot in the left shoulder while jogging in a park, and her gold necklace was stolen. Her daughter still suffers from this gunshot wound and has lost some use of her left arm. Mrs. Underhill stated that the defendant attempted suicide twice and sought treatment for depression at Parthenon Pavilion Hospital in Nashville, Tennessee, on two (2) occasions.

2

Mrs. Underhill testified that the defendant was in an abusive relationship with her previous boyfriend, and it was necessary for her daughter to obtain protective orders against him. While a protective order was in force, Mrs. Underhill stated that the defendant was in a restaurant in Nashville, Tennessee, when someone grabbed the defendant's hair from behind. The defendant turned around and struck the person with a glass. The assailant was the current girlfriend of the ex-boyfriend. Mrs. Underhill stated that the defendant was found guilty of aggravated assault and placed on probation for three (3) years. Mrs. Underhill testified that she was aware that the defendant had been arrested a total of four (4) times for DUI and that the defendant was on bond from a DUI arrest when she committed the theft offense. Mrs. Underhill was also aware of the forgery charges against the defendant but did not know the details. Mrs. Underhill testified that she did not know that the defendant was using an alias and stated that the defendant was living with her at the time of the theft and DUI offenses.

The defendant testified that her mother's testimony was correct. She stated that her first DUI was two weeks before her eighteenth (18th) birthday and that she was treated as a juvenile and given a fine. The defendant stated that she moved to Atlanta, Georgia, where she was shot in the left shoulder, which affected her. She has recovered approximately ninety (90) percent use of her arm. As an adult, the defendant testified that she has been arrested on three (3) additional charges of DUI, one of which was dismissed, one of which she was found not guilty, and one of which she is presently serving. On her third arrest for DUI, the defendant stated that she was treated at the Buffalo Valley, Inc., Alcohol Treatment Center. The defendant testified that she went to Parthenon Pavilion twice to help with her drinking and depression. The defendant stated that she saw a psychiatrist in Hendersonville, Tennessee, while dealing with her problems with her ex-boyfriend. The defendant described her relationship with her ex-boyfriend as being very controlling. Although they dated for seven (7) years, she did not know that he was married but estranged from his wife. The defendant stated that she was taking medication for her depression but was persuaded by her ex-boyfriend to stop taking the medication. Since her incarceration at Corrections Corporation of America, the defendant has resumed taking her medication. She stated that since she has been in jail, she realizes that she must

3

select her friends more carefully and that drinking is not the solution. In fact, the defendant stated that if she had been incarcerated upon her first arrest, she would not have re-offended.

As to the aggravated assault charge, the defendant testified that she had the ex-boyfriend arrested for stalking and violation of the protective orders. The situation was so volatile that she had to quit her job as a van driver for a day care center. The defendant stated that the ex-boyfriend beat her badly once at a gas station. The defendant testified that she was in the parking lot of a restaurant when she saw her ex-boyfriend. While inside the restaurant, her hair was grabbed from behind. Thinking that it was the ex-boyfriend, she turned and hit the assailant with a glass. She stated that she pled guilty to aggravated assault and was given three (3) years probation. She stated that arrest warrants for violation of probation were pending as a result of the theft charge.

As to the theft charge, the defendant testified that she was incarcerated at Corrections Corporation of America in Davidson County for her third DUI when she met Marcia Baldwin. After the defendant was released from incarceration, Ms. Baldwin called her on New Year's Eve, and they went shopping at the Cool Springs Galleria. After Ms. Baldwin ran out of money, she asked the defendant to put two (2) sweatshirts in her bag and leave the store without paying for them. The defendant stated that she knew what she was doing, and she took the bag out of the store. She was stopped. Prior to the incident, the defendant and Ms. Baldwin had several drinks at Ruby Tuesday's in the Mall. The defendant testified that she was due to be released from the Davidson County DUI charge on May 1, 1999, and her violation of probation was set for May 6, 1999. The defendant stated that she intends to return to school and has two (2) jobs awaiting her release.

When asked in cross-examination why the defendant did not give her true name, the defendant testified that her name is Shannon Suzette Adams, although she told the arresting officer her name was Susan Lee Adams. She stated that she was embarrassed to give her true name and did not want her name to appear in the paper. When asked for her date of birth, the defendant stated that it was August 2, 1972. However, she gave the arresting officer the date of August 4, 1972. Later in her testimony, the defendant testified that her true date of birth is August 22, 1972. When questioned as to why her address at

4

arrest was 1112 Lenox Gables, Atlanta, Georgia, the defendant stated that the officer called the Department of Safety and obtained that address. She admitted that as of January 1, 1999, she was living in Franklin, Tennessee. The defendant denied that she was trying to hide her address from anyone. As to the forgery charges, the defendant testified that she was living in an apartment complex when a neighbor gave her a check. The neighbor asked the defendant to cash the check, which she did, although she knew it was a forgery. The defendant testified that the three other checks were cashed by the neighbor, which the defendant knew were forgeries as well.

It was stipulated by the State and the defendant that the trial court can consider the four (4) arrest warrants issued for the defendant by the Clerk of Sumner County on March 8, 1998, for the offenses of forgery. These offenses were retired upon payment of restitution. Also, the trial court was to consider a judgment of conviction for the defendant on March 11, 1999, for the offense of DUI, second offense. She received a fine of six hundred dollars ($600.00), and confinement for eleven (11) months and twenty-nine (29) days, with the defendant to serve ninety (90) days, and the balance of the sentence on probation for eleven (11) months and twenty-nine (29) days by the Davidson County Criminal Court. The defendant was given twenty-one (21) days credit. Further, the trial court was to consider a judgment of the Davidson County Probate Court for a conviction of DUI, first offense, by the defendant on October 11, 1993. The defendant was sentenced to a fine of two hundred fifty dollars ($250.00) and eleven (11) months and twenty-nine (29) days confinement, with eleven (11) months and twenty-nine (29) days of supervised probation.

## LEGAL ANALYSIS

The defendant asserts that the evidence at the sentencing hearing was insufficient to support a judgment of six (6) months in incarceration. Further, the defendant contends that the trial court erred in not finding mitigating factor (1), Tennessee Code Annotated § 40-35-113, to wit: the defendant's criminal conduct neither caused nor threatened serious bodily injury. The State counters that the record reflects that the trial court properly considered all applicable sentencing factors correctly in imposing the sentence.

When a defendant complains of his or her sentence, we must conduct a *de novo*

5

review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401 Sentencing Commission Comments at 590. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles on all relevant facts and circumstances. *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn. 1991). In conducting a *de novo* review of a sentence, this Court must consider: (a) the evidence, if any, at the sentencing hearing; (b) the pre-sentence report, if any; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made in her own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-103, -210(b) (1997 & Supp. 1998).

In determining a proper misdemeanor sentence, the trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor statute. Tenn. Code Ann. § 40-35-302(d); *State v. Troutman,* 979 S.W.2d 271, 273 (Tenn. 1998); *State v. Creasy,* 885 S.W.2d 829, 832 (Tenn. Crim. App.) *perm. app. denied* (Tenn. 1994).

The record clearly establishes that the trial court fully complied with the principles of sentencing as mandated by the Tennessee Reform Sentencing Act of 1989. In enhancing the sentence, the trial court found two (2) factors applicable: (1) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; and (8) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Tenn. Code Ann. § 40-35-114. The record fully supports the application of these enhancement factors. The defendant has a history of DUI convictions and participated in forging stolen checks. The defendant, at the time of the commission of the theft, was on bail release for DUI and on probation for the offense of aggravated assault. As to mitigation, the trial court did not apply any factor. Although mitigation factor (1), that the defendant's criminal conduct neither caused nor threatened serious bodily injury, is applicable, we find in our *de novo* review that the defendant is entitled to little weight as to

6

this factor. Tenn. Code Ann. § 40-35-113. Also, the trial court found that the defendant was not candid in her testimony as to the correctness of her name and address. More specifically, the defendant would not answer a direct question as to her name or address.

We find that the defendant's sentence of six (6) months incarceration is not excessive. The defendant's consistent history of criminal conduct and her poor history of rehabilitation outweigh the defendant's argument that twenty-one (21) days in custody has taught her the error of her ways. We are unfavorably impressed that the defendant, while on bond and during probation, intentionally decided to assist a fellow inmate in stealing items from a department store. The efforts of past counseling for DUI's and psychological treatment have not been successful to rehabilitate this defendant. There is no merit to this issue.

The trial court's judgment of six (6) months confinement is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JERRY L. SMITH, JUDGE

7