IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

# STATE OF TENNESSEE v. WILLIAM RICKY WAYNE HERRELL

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 39263, 40676     John H. Gasaway, III, Judge**

———————————

**No. M1999-02475-CCA-R3-CD - Decided June 23, 2000**

———————————

The defendant, William Ricky Wayne Herrell, appeals his sentences resulting from his convictions following guilty pleas to two counts of burglary, two counts of theft of property valued over one thousand dollars, one count of obtaining a schedule IV drug by fraud, and one count of theft of property valued under five hundred dollars. The defendant contends that his sentences are excessive because the trial court erred in weighing the enhancement and mitigating factors and in imposing consecutive sentences. We affirm the sentences imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIPTON, J., delivered the opinion of the court, in which RILEY and GLENN, JJ., joined.

Sheri S. Phillips, Clarksville, Tennessee, attorney for appellant, William Ricky Wayne Herrell.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Lance A. Baker, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, William Ricky Wayne Herrell, appeals as of right his sentences resulting from his convictions following guilty pleas to two counts of burglary, a Class D Felony; two counts of theft of property valued over one thousand dollars, a Class D felony; one count of obtaining a schedule IV drug by fraud, a Class D felony; and one count of theft of property valued under five hundred dollars, a Class A misdemeanor. The trial court sentenced the defendant to three years, six months for each of the burglaries and felony thefts; two years for obtaining a schedule IV drug by fraud; and eleven months, twenty-nine days for the misdemeanor theft. The sentences for theft over one thousand dollars are concurrent with each other, with the sentence for one of the burglary counts, and with the misdemeanor sentence. The sentence for the second burglary count and the sentence for obtaining a schedule IV drug by fraud are consecutive to each other and to the other counts for an effective nine-year sentence. All counts are consecutive to a previous eight-year sentence in case number 39263 in which probation was revoked for an aggregate sentence of seventeen years. The

defendant contends that the trial court erred in weighing the enhancement and mitigating factors and in imposing consecutive sentences. We affirm the sentences imposed by the trial court.

On August 6, 1998, the defendant pled guilty in case number 39263 to two counts of burglary, two counts of theft of property valued over one thousand dollars, one count of vandalism of property valued over one thousand dollars, and one count of theft of property valued under five hundred dollars. The trial court imposed an effective eight-year sentence to be served on probation. The defendant was indicted in case number 40676, the present case, for offenses committed between October 2, 1998, and February 8, 1999. On March 31, 1999, the defendant's probation supervisor filed an affidavit stating that the defendant had violated the terms of his probation by being arrested, failing to report these arrests, failing to provide proof of permanent employment, using intoxicants, and failing to provide proof of payment of court costs and restitution. On April 5, 1999, the supervisor filed a second affidavit alleging the same violations with the exception of the use of intoxicants. The defendant waived his right to a probation violation hearing, and the trial court revoked his probation on August 20, 1999. The trial court accepted the defendant's guilty pleas in case number 40676 on the same day.

On October 14, 1999, the trial court conducted a sentencing hearing. It found that the defendant admitted that he had violated the terms of his probation in case number 39263. It found that the defendant committed each of the offenses in case number 40676 while on probation in case number 39263. The presentence report was entered into evidence. The report reflects that the defendant was twenty years old at the time of sentencing and had left high school after completing the tenth grade. The defendant reported that he began using alcohol and drugs at age twelve. He admitted that he was addicted to cocaine and valium and used those drugs daily. He stated that he did not know if he would continue using cocaine and valium when released from jail. The defendant was previously employed as a roofer, a finisher, and a dock worker, but each of those jobs ended when he was arrested or due to his drug problem.

The presentence report reflects that in addition to his convictions in case number 39263, the defendant had prior convictions for reckless driving in Montgomery County in March 1999 and two counts of reckless endangerment with a deadly weapon, DUI, evading arrest, and reckless driving in Christian County, Kentucky, in August 1998. He had convictions for three traffic offenses as well. The report states that the defendant has a juvenile record, consisting of two adjudications of reckless endangerment for which he spent time in a wilderness camp. The report contains the victim impact statement of Beau Battles, the owner of a pharmacy burglarized by the defendant. Mr. Battles requested that he receive restitution and that the defendant spend the maximum sentence in incarceration. At the sentencing hearing, the defendant said that he was sorry for hurting anyone. He said that he was on drugs at the time he committed the offenses and was not thinking of the effect of his actions on others. He requested the opportunity to receive treatment for his drug addiction.

The trial court noted that the defendant was to be sentenced as a Range I offender pursuant to his plea agreement. It applied the following enhancement factors:

(1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; [and]

(13) The felony was committed while on any of the following forms of release if such release is from a prior felony conviction:

. . . .

   (C) Probation[.]

Tenn. Code Ann. § 40-35-114(1), (13)(C). In mitigation, the court applied mitigating factor (1), the "defendant's criminal conduct neither caused nor threatened serious bodily injury." Tenn. Code Ann. § 40-35-113 (1). Under mitigating factor (13), it gave the defendant credit for avoiding the expense and necessity of trial by pleading guilty. Tenn. Code Ann. § 40-35-113(13). The court found the defendant eligible for consecutive sentences because of his extensive record of criminal activity and because he committed the offenses in case number 40676 while on probation. Tenn. Code Ann. § 40-35-115(b)(2),(6). The trial court imposed an effective nine-year sentence consecutive to the eight-year sentence that the defendant received when his probation was revoked.

We note that at the sentencing hearing, the trial court classified count nine, obtaining a schedule IV drug by fraud, as a Class E felony. Obtaining a schedule IV drug by fraud is a Class D felony, for which a two-to-four-year sentence may be imposed upon a Range I offender. Tenn. Code Ann §§ 40-35-112(a)(4), 53-11-402(b)(1). The defendant referred to the offense as a Class D felony in his petition requesting the trial court to accept his guilty pleas, and the judgment of conviction for count nine correctly classifies the offense as a Class D felony. Despite the court's classification error, the two-year sentence imposed by the trial court for count nine is the minimum sentence within the appropriate range.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. §§ 40-35-401(d), -402(d). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229 (Tenn. 1986).

The sentence to be imposed by the trial court for a Class D felony is presumptively the minimum sentence in the range when no enhancement or mitigating factors are present. See Tenn. Code Ann. § 40-35-210(c). Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors and then reduce the sentence as appropriate for any mitigating factors. Tenn. Code Ann. § 40-35-210(d), (e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act, and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments; Moss, 727 S.W.2d at 237; see Ashby, 823 S.W.2d at 169. The law provides no presumptive minimum for misdemeanor sentencing. See, e.g., State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). However, in misdemeanor sentencing, the trial court must consider the purposes and principles of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-302(d).

The defendant contends that his sentences are excessive. Although he does not challenge the application of the enhancement and mitigating factors, he argues that the trial court erred in the weight it assigned to these factors. He also contends that consecutive sentences are improper because the trial court enhanced his sentences to the high end of the range and because it did not find that consecutive sentences were appropriate based upon the severity of the offenses and the necessity of deterring crime and protecting the public. The state contends that the sentences are proper.

Initially, we note that the record does not include a transcript of the guilty plea hearing in case number 40676 at which the convicting evidence would have been presented by stipulation or testimony. In order for us to conduct a proper de novo review, the guilty plea hearing transcripts should be made a part of the record on appeal. The defendant must prepare a transcript of the evidence that is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. T.R.A.P. 24(b). Absent a record of the guilty plea hearing, at which evidence relevant to sentencing is often provided, we are unable to perform a complete de novo review.

Nevertheless, the weight to be given the enhancement and mitigating factors is within the trial court's discretion. Moss, 727 S.W.2d at 237. The defendant contends that the enhancement factors did not outweigh the mitigating factors so greatly as to justify a sentence above the middle of the range. He points to the fact that his previous criminal history consists entirely of non-violent offenses. To the contrary, the record fully supports the trial court's weighing of the

factors. The number of prior offenses, including seven prior felony convictions, and the defendant's admitted daily drug abuse, which constitutes criminal behavior, justifies giving great weight to enhancement factor (1). Furthermore, we believe that the defendant's convictions for two counts of reckless endangerment with a deadly weapon involve at least the potential for violence. The trial court did not err in imposing sentences above the middle of the range.

Consecutive sentencing is also appropriate. The imposition of consecutive sentences does not exclude enhancement within the range, but instead, if supported by the evidence, both are options available to the trial court in crafting the appropriate sentence. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments (noting that although § 115 permits consecutive sentencing, the trial court also has other options such as enhancing within the range); State v. McKnight, 900 S.W.2d 36, 56-57 (Tenn. Crim. App. 1994) (noting that consecutive sentencing and enhancement within the range are both options available to the trial court). Furthermore, our supreme court has held that the trial court must make findings on the record that an extended sentence is justified due to the severity of the offenses and the necessity of protecting the public only when the trial court imposes consecutive sentences because the defendant is a dangerous offender under Tenn. Code Ann. § 40-35-115(b)(4). State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). In Lane, the supreme court re-examined its holding in State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995). 3 S.W.2d at 460-61. It observed that the required findings in Wilkerson stemmed from the fact that the dangerous offender category is the most subjective and hardest to apply of all of the § 115(b) categories. Id. The court noted that the other categories were self-limited, which prevented their application in situations where consecutive sentencing did not advance the sentencing principles. Id. Subsection (2) and subsection (6), in particular, are both objective. The trial court did not err in imposing consecutive sentences based upon these categories without making further findings regarding the severity of the sentence and the necessity of protecting the public.

In any event, the trial court stated that it contemplated all of the sentencing principles in arriving at the defendant's sentences. In Wilkerson, the supreme court held that "the Sentencing Reform Act requires the application of the sentencing principles set forth in the Act . . . in all cases. The Act requires principled justification for every sentence, including, of course, consecutive sentences." 905 S.W.2d at 938. Among those principles are that the sentence imposed "should be no greater than that deserved for the offense committed," and "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4). The defendant's criminal history and his inability to abide by the terms of his probation bear directly upon his amenability to rehabilitation. The defendant has not shown that the trial court erred by imposing consecutive sentences.

Based upon the foregoing and the record as a whole, we affirm the sentences imposed by the trial court.