IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 28, 2004

## STATE OF TENNESSEE v. TERRY WAYNE PERKINS

**Appeal from the Criminal Court for Campbell County**
**No. 11652    E. Shane Sexton, Judge**

———————————————

**No. E2003-02885-CCA-R3-CD - Filed August 17, 2004**

———————————————

The appellant, Terry Wayne Perkins, was indicted on charges of driving under the influence, fourth offense, operating a motor vehicle after being declared an habitual motor vehicle offender, violation of the implied consent law, and driving on a revoked license. He was acquitted of the D.U.I. charge. A jury convicted him of violation of the implied consent law and driving on a revoked license. He was sentenced to an 11- month-and-29-day sentence at 75% for the violation of the implied consent law and six months at 75% for the driving on a revoked license conviction. The two sentences were ordered to run concurrently and the trial court ordered the appellant to serve 15 days of the sentence in the county jail, after which he would be released on probation, and assessed a $100 fine for each conviction. On appeal, the appellant challenges the trial court's decision to order him to serve 15 days in jail. For the following reasons, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and JAMES CURWOOD WITT, JR., JJ., joined.

Steve McEwen, Mountain City, Tennessee, for the appellant Terry W. Perkins.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Assistant Attorney General; William Paul Phillips, District Attorney General; and Scarlett W. Ellis, Assistant District Attorney General,  for the appellant, State of Tennessee.

## OPINION

### Factual Background

According to the affidavit of complaint filed by the arresting officer:[1]

On 2-17-03 affiant [a police officer with the LaFollette Police Department] observed . . . [the appellant] traveling east on East Central Avenue at 14th Street traveling 66 mph in a 40 mph zone. Affiant stopped the vehicle on Foothill Drive. The above defendant was found to be HMVO [habitual motor vehicle offender] and have revoked license. The defendant also stated that he had drank [sic] 3 or 4 beers and admitted to taking oxycottons [sic]. The defendant was given sobriety tests which he failed. The defendant was read the implied consent law which he refused. The defendant was arrested and transported to CCSD for booking. The defendant had two prior DUI when checked thru NCIC.

The appellant was subsequently indicted by the Campbell County Grand Jury on charges of driving under the influence, fourth offense, operating a motor vehicle after being declared an habitual motor vehicle offender, violation of the implied consent law, and driving on a revoked license. The indictment listed three prior DUI offenses in 1993, 1997, and 1999, all occurring in Campbell County.

After a jury trial, the appellant was convicted of violation of the implied consent law and driving on a revoked license. He was acquitted of the D.U.I. charge. A separate sentencing hearing was held on November 7, 2003. At the sentencing hearing, the trial court inquired about the appellant's habitual motor vehicle offender status. Evidently, at the time of the offense, the appellant did not realize that he had been declared an habitual motor vehicle offender. The appellant related to the court that he had not been employed since he had a spinal fusion 16 months prior to the hearing. He receives approximately $405 a month in social security benefits. The appellant also told the court that while he has a vehicle, he does not drive it because the tags are expired and the fuel pump is broken.

At the conclusion of the hearing, the trial court explained the sentence as follows:

So, let's make sure everyone understands what I've done. In count three, 11/29 at 75 percent with a hundred dollar fine plus Court costs, count four, six months at 75 percent with a hundred dollar fine, concurrent with count three, and that sentence will be for an effective one 11/29; 15 days of that is unsuspended - - will be served; the report date, December the 7th.

---

[1]A transcript of the trial does not appear in the record on appeal.

Further, the trial court agreed to allow the appellant to serve the first five days of the sentence consecutively, then allowed the appellant to serve the remaining ten days on weekends. Subsequently, the appellant filed a timely notice of appeal.

## Sentencing

On appeal, the appellant argues that the trial court erred by ordering him to serve 15 days of his effective 11 month, 29 day sentence in the county jail. Specifically, he contends that the sentence should be reduced to five days because the trial court did not make specific findings on the record as to the enhancement and mitigating factors in determining the appropriate confinement. Further, he argues that because he is "disabled due to a severe back injury, and due to the non-serious nature of the convictions" a sentence of 15 days is "unduly harsh and unjustly deserved in relation to the seriousness of the offense." The State counters that the misdemeanor sentence is "consistent with statutory sentencing purposes and should be affirmed by this Court."

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. See State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumptive sentence. See State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of service of the sentence. Tenn. Code Ann. § 40-35-302(a). The trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). In determining the percentage of the

-3-

sentence to be served in actual confinement, the court must consider the principles of sentencing and the appropriate enhancement and mitigating factors, and the court must not impose such percentages arbitrarily. Tenn. Code Ann. § 40-35-302(d).

At the conclusion of the sentencing hearing, the trial court did not make any findings of fact on the record. The Tennessee Supreme Court has stated that in misdemeanor sentencing the trial court did need not make specific findings of fact on the record, so long as it appears the trial judge considered the principles of sentencing in the code and applicable enhancement or mitigating factors. Tenn. Code Ann. § 40-35-302(d); Troutman, 979 S.W.2d at 274; State v. Russell, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999).

In the case herein, the appellant was convicted of a violation of the implied consent law. Under Tennessee Code Annotated section 55-10-406(a)(3), if the court or jury finds that the driver violated the provisions of the statute while driving on a revoked, canceled or suspended license because of a prior DUI, then such driver commits a Class A misdemeanor and shall be sentenced to a minimum mandatory jail or workhouse sentence of five days. The five day sentence must be served consecutively, day for day, and cannot be suspended. Tenn. Code Ann. 55-10-406(a)(3). In the case herein, the appellant's license had been suspended because of a prior DUI. Thus, the mandatory minimum period of incarceration was five days. The trial court chose to extend that sentence by ten days. Even though the trial court failed to state the reasons for the additional ten days of incarceration on the record, we conclude that the appellant has failed to demonstrate that the sentence was improper. Given that the trial court could have required the appellant to serve 75% of his entire 11 month, 29 day sentence in confinement, see Tenn. Code Ann. § 40-35-302(b), we cannot conclude that an additional ten days is an "unduly harsh" or "unjustly deserved" sentence. Accordingly, we conclude that the trial judge did not exceed the "wide latitude of flexibility" afforded him in misdemeanor sentencing and that ordering the defendant to serve fifteen days is consistent with the principles of the sentencing act.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE