IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 20, 2005

## STATE OF TENNESSEE v. DENNY FINNEY

**Direct Appeal from the Circuit Court for Franklin County**
**No. 15232     Buddy D. Perry, Judge**

_____

**No. M2004-02798-CCA-R3-CD - Filed September 20, 2005**

_____

The Defendant, Denny Finney, pled guilty to misdemeanor simple possession of a schedule VI substance, and the State agreed to dismiss the other counts against him. The trial court sentenced the Defendant to eleven months and twenty-nine days suspended, except for six months to serve in jail. On appeal, the Defendant contends that the trial court erred when it sentenced him. After thoroughly reviewing the record and the applicable authorities, we affirm the Defendant's sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Francis W. Pryor, Jr., Jasper, Tennessee (on appeal) and David O. McGovern, Jasper, Tennessee (at trial) for the Appellant, Denny Finney.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; James Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from the Defendant's conviction for misdemeanor simple possession of a schedule VI controlled substance, marijuana. A Franklin County Grand Jury originally indicted the Defendant for one count of possession of a schedule II controlled substance, one count of possession of a schedule IV controlled substance, one count of driving under the influence, and one count of driving under the influence fourth offense. The Defendant pled guilty to simple possession of a schedule VI controlled substance, marijuana, a Class A misdemeanor, and he was sentenced to eleven months and twenty-nine days suspended, except for six months to be served in jail.

The following evidence was presented at his sentencing hearing: The Defendant testified that he is married with two children and two grandchildren, and one of his children lives at home with him. He said that he is not currently working because he has to stay home with his wife, who is disabled. He explained that his wife rarely leaves home, and he has to assist her to the bathroom and in other daily activities. The Defendant testified that he is responsible for "everything," including the cooking, cleaning, and grocery shopping. He said that his family pays their bills with his wife's disability check. The Defendant stated that his twelve-year-old child lives with him full-time, and she has a learning disorder so he has to watch her closely.

The Defendant admitted that he pled guilty to simple possession of marijuana. He said that he "did smoke a little bit," and he was sorry. The Defendant testified that he used to have a drinking problem, but he quit drinking after he got his last DUI in 1997. He stated that on the night he got arrested he had been up with his wife, who has panic attacks, for about three or four days, and he "just needed to get out, go pay some bills that night." The Defendant testified that he checked his mail and stopped to get some non-alcoholic drinks. The Defendant testified that, later that evening, he was found at the Sonic parking lot where he fell asleep because he was tired. The Defendant was taken to the hospital because he would not wake up, and, at the hospital, the doctors were unable to get a blood sample because the Defendant has psoriasis on his arms and legs. The Defendant asked the hospital if they wanted to take a urine or breath test, but he was told that was unnecessary. He agreed that, at that time, he was under the influence of marijuana, and he was in possession of marijuana.

On cross-examination, the Defendant testified that he has prescription medication, Lorazepam, but he did not take pills on the night he was arrested. He conceded that, if he had taken Lorazepam pills and smoked marijuana, it would have made him "pass out." The Defendant testified that he has two prior DUI offenses, in 1995 and 1997, and he agreed that he was also convicted of child endangerment. He explained that, during one of his DUI offenses, the child who lives with him full-time was in the vehicle, and he quit drinking based on that incident. The Defendant testified that in 1997 he was convicted of leaving the scene of an accident, and in 1993 he was convicted of public intoxication. He agreed that he had previous marijuana convictions in 1993, 1997, and 1999.

At the conclusion of the sentencing hearing, the trial court sentenced the Defendant to eleven months and twenty-nine days in jail suspended, except for six months to be served in jail. The Defendant now appeals, contending that the trial court's judgment that the Defendant serve six months in jail is contrary to the sentencing guidelines.

## II. Analysis

The Defendant contends that the trial court erred when it sentenced him because it did not set forth on the record the factors that it used to determine the Defendant's sentence. Further, the Defendant asserts that, because the presentence report was not admitted into evidence, it is unclear whether the report impacted the trial court's sentence. The State asserts that the trial court properly sentenced the Defendant. We agree with the State.

When a defendant challenges the length and manner of service of a sentence, it is the duty of this court to conduct a de novo review of the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ross, 49 S.W.3d 833, 847 (Tenn. 2001); State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court that are predicated upon uncontroverted facts. State v. Dean, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994).

In conducting a de novo review of a sentence, we must consider: (a) any evidence received at the trial and/or sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel relative to sentencing alternatives; (e) the nature and characteristics of the offense; (f) any mitigating or enhancement factors; (g) any statements made by the defendant on his or her own behalf; and (h) the defendant's potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-210 (2003); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging a sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2003), Sentencing Commission Cmts.

In the case under submission, the Defendant was convicted of a class A misdemeanor. In misdemeanor sentencing, the sentence imposed must be specific and consistent with the purposes and principles of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-302(b) (2003). The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). However, in determining the percentage of the sentence to be served in actual confinement, the trial court must consider enhancement and mitigating factors, as well as the purposes and principles of the Criminal Sentencing Reform Act of 1989, and the trial court should not impose such percentages arbitrarily. Tenn. Code Ann. § 40-35-302(d). The Tennessee Supreme Court has observed that "[i]n addition to the statutory considerations for issuing sentences of confinement, the misdemeanor sentencing statute merely requires a trial judge to consider enhancement and mitigating factors when calculating the percentage of a misdemeanor sentence to be served in confinement." State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). Our Supreme Court has noted that trial courts have more flexibility in misdemeanor sentencing that in felony sentencing. See Troutman, 979 S.W.2d at 273. Further, our Supreme Court has held that in misdemeanor sentencing a trial court is not required to place specific findings on the record. Troutman, 979 S.W.2d at 274.

A defendant is eligible for alternative sentencing if the sentence actually imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a) (2003). While certain Class C, D, or E offenders are entitled to a presumption in favor of probation, Tennessee Code Annotated section 40-35-102(6), the Defendant is entitled to no such presumption regarding his misdemeanor sentence. See State v.

Williams, 914 S.W.2d 940, 949 (Tenn. Crim. App. 1995). In determining whether to grant or deny probation, the trial court may consider the following: the circumstances of the offense; the defendant's criminal record; background and social history; the defendant's physical and mental health; the deterrent effect on other criminal activity; and the likelihood that probation is in the best interests of both the public and the defendant. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). The Defendant bears the burden of establishing suitability for probation. Tenn. Code Ann. § 40-35-303(b); Ashby, 823 S.W.2d at 169. Sentences involving confinement should be based upon the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103 (2003).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence, even if we would have preferred a different result. Sate v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the case under submission, the record demonstrates that the trial court properly considered relevant sentencing principles. Accordingly we apply the presumption that the trial court's sentencing determinations are correct. See Tenn. Code Ann. § 40-35-401(d).

Upon the conclusion of the Defendant's sentencing hearing, the trial court stated:

> You just can't keep coming back and we just keep saying go away and please don't do this any more. We beg folks not to do things. There has to be some consequences at some point and with this record there has to be clear consequences.

> I'm going to sentence him to a [$250] fine, 11 months and 29 days in the county jail and I'm going to suspend all but six months. I'm going to require him to serve six months of the sentence. I'll give him 30 days to report to the Franklin County Jail so he can make some arrangements about the family situation. Draw an order accordingly.

In this case, the record reflects that the trial court reviewed a copy of the Defendant's presentence report. The trial court considered that the Defendant had a substantial history of prior convictions, including three other prior convictions for possession of marijuana that resulted in suspended

sentences.  The trial court concluded that the Defendant needed "clear consequences" to his actions, and, thus, it sentenced him to split confinement.  We conclude that the evidence does not preponderate against the trial court's finding, and, therefore, we affirm the trial court's judgment.

### III.  Conclusion

In accordance with the foregoing, we conclude that the trial court committed no reversible error in sentencing the Defendant.  Therefore, the judgment of the trial court is affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE