**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**FEBRUARY 1998 SESSION**



FILED

**April 1, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** ) | |
| ) | **C.C.A. NO. 02C01-9703-CR-00090** |
| Appellee, ) | |
| ) | **SHELBY COUNTY** |
| VS. ) | |
| ) | **HON. ARTHUR T. BENNETT,** |
| **BERRY BOWLS,** ) | **JUDGE** |
| ) | |
| Appellant. ) | (Sentencing) |

FOR THE APPELLANT:       FOR THE APPELLEE:

**A.C. WHARTON**           **JOHN KNOX WALKUP**
Public Defender         Attorney General & Reporter

**EDWARD G. THOMPSON**    **KENNETH RUCKER**
Asst. Public Defender      Asst. Attorney General
201 Poplar, Suite 201      425 Fifth Ave. North
Memphis, TN 38103       Nashville, TN  37243-0493
   (On Appeal)

                      **JOHN W. PIEROTTI**
**TERESA JONES**          District Attorney General
Asst. Public Defender
   (At the Hearing)       **PERRY HAYES**
                      Asst. District Attomey General
                      201 Poplar, Suite 301
                      Memphis, TN 38103

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# **O P I N I O N**

The defendant was indicted on February 15, 1996, for the aggravated assault of his girlfriend, Jerlean Irvin. On August 26, 1996, he pled guilty to simple assault and agreed to a sentence of eleven months, twenty-nine days. He also agreed to pay a fifty dollar ($50) fine. Following a sentencing hearing, the trial court ordered the defendant to serve his sentence in the Shelby County Correction Center. The defendant now appeals and argues that the trial court erred by not suspending his sentence.

After a review of the record and applicable law, we find that the trial court did not err in denying the defendant's request for probation. The judgment of the court below is affirmed.

The defendant's conviction stemmed from a violent argument he had with the victim. The defendant and the victim had consumed two bottles of wine when their argument began. Ultimately, the defendant hit the victim with a milk crate and the victim fell to the floor, suffering bruises and a broken arm.

When a defendant complains of his or her sentence, we must conduct a <u>de novo</u> review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991).

2

T.C.A. § 40-35-103 sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include the need "to protect society by restraining a defendant who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1).

In determining the specific sentence and the possible combination of sentencing alternatives, the court shall consider the following: (1) any evidence from the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and the arguments concerning sentencing alternatives, (4) the nature and characteristics of the offense, (5) information offered by the State or the defendant concerning enhancing and mitigating factors as found in T.C.A. §§ 40-35-113 and -114, and (6) the defendant's statements in his or her own behalf concerning sentencing. T.C.A. § 40-35-210(b).

Unlike the felon, the misdemeant is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). When determining the percentage of the sentence to be served in actual confinement, the trial court must comply with the purposes and principles of the Criminal Sentencing Reform Act of 1989. T.C.A. § 40-35-302(d).

While a sentencing hearing is not mandatory for misdemeanor sentencing, one was held in this case. At the hearing, the defendant testified that he and his girlfriend

began to argue after they had shared two bottles of wine. He said that he pushed her first and the argument culminated with his hitting the victim with a milk crate. She fell to the floor and suffered bruises and a broken arm. The defendant testified that his violent behavior must have been a result of his mixing alcohol with his medication, Dilantin. He told the court that he was a good person and that he would not behave in that manner ever again. He stated that he had "straightened [his behavior] out." He further testified that he continues to date the victim and that she has forgiven him. However, he also said that he continues to consume alcohol, mainly on the weekends.

The defendant testified that he is employed through a friend of his that performs contracting work. He said he has been working for his friend "off and on" for six or seven years. He also testified that he had been convicted of grand larceny in 1970 even though his presentence report reflected no previous convictions. No other witnesses testified.

The defendant complains that the court should not have denied his request for probation. In determining whether the defendant should be granted probation, the court must consider the defendant's criminal record, social history, present physical and mental condition, the circumstances of the offenses, the deterrent effect upon the criminal activity of the accused as well as others, and the defendant's potential for rehabilitation or treatment. State v. Bonestel, 871 S.W.2d 163, 169 (Tenn. Crim. App. 1993).

In this case, the trial judge denied probation on the basis of the serious nature of the victim's injury and the fact that the assault was unprovoked. He also noted that the defendant's abuse of alcohol prohibited him from being a good candidate for incarceration only on the weekends. The judge opined that neither society nor the

4

defendant would benefit from an award of probation for the defendant. He further noted that the defendant had missed three court dates[1] which indicated that the defendant would likely be unable to comply with the requirements of probation.

The evidence presented in the presentence report fully supports the trial court's findings. Furthermore, these findings clearly support the trial court's conclusion that probation is not proper for this defendant at this time. However, we note that the defendant may again petition the trial court for probation after a period of no less than two months. T.C.A. § 40-35-314(c). The judgment of the trial court is therefore affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH B. JONES, Judge

_____
THOMAS T. WOODALL, Judge

---

[1]At the sentencing hearing, Bowls admitted that he missed a general sessions court date on September 5, 1995, his arraignment hearing on April 1, 1996, and his trial court date on August 21, 1996.